IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

Civil No. 1:18-CV-00007-MR-DLH

| | |
|---|---|
| TERI LYNN HINKLE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> EXPERIAN INFORMATION ) <br> SOLUTIONS, INC., TRANS UNION LLC, ) <br> and EQUIFAX, INC., ) <br> ) <br> Defendants. ) <br> ) | **DEFENDANT TRANS UNION LLC'S MEMORANDUM IN SUPPORT OF RULE 12(B)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

COMES NOW, Trans Union LLC ("Trans Union"), and files its Memorandum in Support of its Motion to Dismiss pursuant to Rule 12(b)(6) Federal Rules of Civil Procedure.

## NATURE OF THE CASE

On or about January 10, 2018, *pro se* Plaintiff Teri Lynn Hinkle commenced suit against Trans Union seeking statutory damages and costs related to an alleged violation of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681, *et seq*. Trans Union moves this Court to dismiss Plaintiff's Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), because Plaintiff fails to allege facts sufficient to support a claim for relief. Plaintiff alleges she twice requested full consumer file disclosure under § 1681g from Trans Union and twice received correspondence asking her for identification to verify her current mailing address in order to process the request and protect confidentiality. Plaintiff's conclusory allegations of an FCRA claim fail to articulate how Trans Union's correspondence which conformed with the condition precedent of § 1681h(a)(1) can be the basis of a FCRA claim. Plaintiff's allegations do not

adequately state a claim and fail to provide Trans Union with adequate notice of the basis of the claims asserted against it.

## STATEMENT OF FACTS

Trans Union is a consumer reporting agency as the term is defined in the FCRA. 15 U.S.C. § 1681a(f). Complaint at ¶ 37. Plaintiff alleges she made two written requests for her "full consumer file disclosure." Complaint at ¶¶ 13 and 17. Plaintiff further alleges Trans Union sent and she received correspondence requesting proper identification in response to both requests for a "full consumer file disclosure." Complaint at ¶¶ 14 and 21. The letters from Trans Union to Plaintiff, which are attached to the Complaint, stated:

> We have received your request for a copy of your TransUnion Credit Report. However, the current mailing address you provided is not listed in our records. In order for TransUnion to process your request and to protect the confidentiality of your credit report, please complete the attached form and submit verification of your current address. Acceptable forms of verification include copies of two (2) of the qualifying documents listed below.
>
> If you would prefer, you may visit us online at www.transunion.com to view a copy of your credit report.
>
> Complaint, Exhibit 3.

Plaintiff does not allege any general damages. *See* Complaint. Plaintiff seeks statutory damages of $1,000 plus interest, attorney's fees and costs. Complaint Prayer for Relief of Count II.

## LEGAL ARGUMENT AND AUTHORITIES

### I. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) requires dismissal of a complaint when the allegations fail to set forth facts which, if true, would entitle plaintiff to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A complaint must raise the right to relief beyond the speculative level, and plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"Although a court must liberally construe a pro se plaintiff's allegations, it 'cannot ignore a clear failure to allege facts' that set forth a cognizable claim." *Campbell v. Wells Fargo Bank, N.A.,* 73 F. Supp. 3d 644, 648 (E.D.N.C. 2014)(citing *Johnson v. BAC Home Loans Servicing, LP,* 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011). While courts considering a Rule 12(b)(6) motion generally accept all well-pleaded allegations in a complaint as true, mere conclusory allegations, absent supporting factual averments, are not sufficient to state a claim upon which relief can be granted. See *Hinton v. Trans Union,* LLC, 654 F. Supp. 2d 440, 451 (E.D. Va. 2009) (granting motion to dismiss 15 U.S.C 1681g claim because allegations were merely "unadorned, the defendant-unlawfully-harmed-me accusations" (citation omitted)); *Jackson v. Warning,* No. PJM 15-1233, 2016 U.S. Dist. LEXIS 172589, at *2 (D. Md. Dec. 13, 2016) (dismissing *pro se* FCRA claims); *Kant v. Bregman*, 84 Fed. App'x. 355 (4th Cir. 2004) (affirming dismissal of civil rights claim because plaintiff's only asserted conclusory allegations unsupported by any factual averments); *Mason v. Potter*, 81 Fed. App'x. 767 (4th Cir. 2003) (same); *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (cannot rely merely on conclusory allegations); *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (must present more than naked allegations to survive dismissal); *Jones v. Duncan*, 2009 U.S. Dist. LEXIS 93328 (D.N.C. 2009) (case dismissed because plaintiff did not allege a single fact to overcome her showings that no violations occurred).

## II. Plaintiff's Complaint fails to plead facts sufficient to support a claim for relief

Plaintiff's Complaint is subject to dismissal under Rule 12(b)(6) because it fails to state facts sufficient to support a claim for relief under the FCRA. Plaintiff alleges that Trans Union "failed to comply with Plaintiff's multiple requests for a full consumer file disclosure pursuant to 15 U.S.C. § 1681g(a)(1)." *See* Complaint at ¶ 38. Section 1681g(a)(1) of the FCRA states that upon request, a consumer reporting agency shall disclose "[a]ll information in the consumer's

3

file at the time of the request, except that (A) if the consumer requests that her social security number be masked the CRA shall do so, and (B) the CRA is not required to disclose information about credit scores "or any other risk scores or predictors relating to the consumer." 15 U.S.C. § 1681g(a)(1). However, Trans Union is obligated by § 1681h(a)(1) to "require, as a condition of making the disclosure required under section 1681g of this title that the consumer furnish proper identification." 15 U.S.C. § 1681h(a)(1). To prevail on a claim based on § 1681g(a)(1), then, a plaintiff must adequately plead that the consumer provided proper identification with a request for disclosure and that the CRA failed to provide the consumer with the consumer file.

### III. Plaintiff admits Trans Union requested proper identification to verify her current address

"[A] condition precedent to the consumer reporting agency's making such a disclosure is that 'the consumer furnish proper identification'" *Ogbon v. Beneficial Credit Servs., Inc.,* No. 10 CV 3760, 2013 U.S. Dist. LEXIS 50816 *10 (S.D. N.Y. Apr. 8, 2013) (citing 15 U.S.C. § 1681h(a)(1)). "These verification procedures are crucial because they accommodate a consumer's right to access his personal credit information, while at the same time shielding that confidential information from impermissible third-party disclosure." *Garland v. Equifax*, No. 15-C-50305, 2017 U.S. Dist. LEXIS 217553 *10 (N.D. Ill. Oct. 27, 2017).

Plaintiff's sole allegation against Trans Union is that she did not receive her "full consumer file disclosure" as requested. *See* Complaint ¶¶ 13-14. Plaintiff states that she sent Trans Union a request for her full consumer file disclosure. *See* Complaint ¶ 13. Plaintiff concedes that Trans Union timely responded and asked for proper identification to verify her current address. *See* Complaint ¶ 14 Exhibit 1. She sent a "second and final request for a **full consumer file disclosure**" to Trans Union and cited 15 U.S.C. § 1681g(a) for categories of information specifically requested. Complaint ¶ 17 (emphasis in original). Trans Union timely

4

responded with correspondence again asking for proper identification to provide proof of address. *Id.* at ¶ 21 Exhibit 3.

The letters from Trans Union, attached to the Complaint, state: "the current mailing address you provided is not listed in our records. In order for TransUnion to process your request and to protect the confidentiality of your credit report please complete the attached form and submit verification of your current address." Complaint, Exhibits 1 and 3. The letter went on to specify the acceptable forms of verification in addition to an alternative method of going online. Plaintiff does not and cannot allege she provided Trans Union with the requested qualifying documents. Trans Union's letters requesting proper identification before releasing the requested consumer file disclosure complied with the FCRA.

Accordingly, Plaintiff has failed to allege sufficient facts to support any cause of action against Trans Union under the FCRA, and the Court should dismiss her claim under Rule 12(b)(6).

WHEREFORE, PREMISES CONSIDERED, Defendant Trans Union respectfully requests that this Honorable Court dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) and for such other relief as the Court deems necessary.

Respectfully submitted,

5

Case 1:18-cv-00007-MR-DLH   Document 13   Filed 02/19/18   Page 5 of 7

This 19th day of February, 2018.

                          YOUNG MOORE AND HENDERSON, P.A.

BY:   /s/ Kelly S. Brown
        Kelly S. Brown
        N.C. State Bar No. 37829
        *Local Civil Rule 83.1 Counsel for*
        *Defendant Trans Union LLC*
        P.O. Box 31627
        Raleigh, NC 27622
        Telephone: (919) 782-6860
        Facsimile:  (919) 782-6753
        Email: kelly.brown@youngmoorelaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

Autumn Hamit Patterson
Jones Day
2727 North Harwood Street
Dallas, TX 75201
214-969-2966
Fax: 214-969-5100
Email: ahpatterson@jonesday.com
*Attorney for Experian Information Solutions, Inc.*

Nora Foster Sullivan
Ellis & Winters LLP
P. O. Box 33550
Raleigh, NC 27636
919-865-7000
Fax: 919-865-7010
Email: nora.sullivan@elliswinters.com
*Attorney for Experian Information Solutions, Inc.*

Teri Lynn Hinkle
queensongbird@gmail.com
190 Mossy Creek Trail
Murphy, NC 28906
(828) 494-2007
*Pro Se Plaintiff*

I also certify that on February 19, 2018, I also served the foregoing document via Certified Mail with the United States Postal Service on the following:

Teri Lynn Hinkle
queensongbird@gmail.com
190 Mossy Creek Trail
Murphy, NC 28906
(828) 494-2007
*Pro Se Plaintiff*

                    YOUNG MOORE AND HENDERSON, P.A.

BY:   /s/ Kelly S. Brown
        Kelly S. Brown
        N.C. State Bar No. 37829
        *Local Civil Rule 83.1 Counsel for*
        *Defendant Trans Union LLC*
        P.O. Box 31627
        Raleigh, NC 27622
        Telephone: (919) 782-6860
        Facsimile: (919) 782-6753
        Email: kelly.brown@youngmoorelaw.com