UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

RECEIVED
ASHEVILLE, N.C.

FEB 20 2018

Clerk, U.S. Dist. Court
W. Dist. of N.C.

TERI LYNN HINKLE )
    *Plaintiff.* )
                                   ) Case No: 1:18-CV-00007
vs )
                                   )
EXPERIAN INFORMATION )
SOLUTIONS, INC.; TRANS UNION )
LLC; EQUIFAX, INC. ) Judge: Reidinger
    *Defendants* )
                                   ) **TRIAL BY JURY DEMANDED**
                                   )

## PLAINTIFF'S MOTION TO STRIKE DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S AFFIRMATIVE DEFENSES AND MEMORANDUM IN SUPPORT

NOW COMES the Plaintiff, Teri Lynn Hinkle, and hereby moves this Court pursuant to F.R.C.P. 12(f) to strike Defendant Experian Information Solutions, Inc.'s (Experian) Affirmative Defenses numbered 2 thru 6 on the grounds that they are insufficient as they fail to state legal or factual defenses.

### MEMORANDUM

Plaintiff filed this lawsuit on January 8, 2018. On February 12, 2018 Defendant Experian filed an Answer and Affirmative Defenses to Plaintiff's Original Complaint.

### STANDARD OF REVIEW

Rule 12(f) of the Federal Rules of Civil Procedure permits a party, or the court acting *sua sponte*, to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." This provides a mechanism to "clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *See Sun*

*Microsystems, Inc. v Versata Enterprises, Inc.*, 630 F. Supp. 2d 395m 402 (D. Del. 2009) (quoting *McInerney v. Moyer Lumber & Hardware, Inc.*, 244 F. Supp.2d 393, 402 (E.D. Pa. 2002)). The striking of a portion of a pleading can be a drastic measure and is sometimes sought by the movant simply as a dilatory tactic. For this reason Rule 12(f) motions to strike are "often not granted unless there is a showing of prejudice to the moving party." *See Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001). However, just as a defendant faced with a factually deficient Complaint, a plaintiff should not have to respond to defenses that lack factual support. *See Francisco v. Verizon South, Inc.*, No. 3:09cv737, 2010 WL 2990159 (E.D. Va July 29, 2010) at *6. When insufficiency of a defense is clearly apparent a motion to strike should be granted. *See Cipollone v. Liggett Group, Inc.*, 789 F.2d 181, 188 (3d Cir. 1986). To that end, a plaintiff must show that there is no issue of fact that might allow the defense to prevail, nor any substantial question of law. *See EEOC v. Bay Ridge Toyota, Inc.*, 327 F. Supp. 2d 167, 170 (E.D.N.Y. 2004).

## ANALYSIS AND ARGUMENT

**Second Defense.** <u>The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.</u> Defendant asserts as an affirmative defense that Plaintiff has failed to state a claim. "Failure to state a claim is not a proper affirmative defense, but, rather asserts a defect in Plaintiff's prima facie case." *N. Am. Mktg.*, 2012 U.S. Dist. LEXIS 105102, at *6 (citations omitted); see also *Helstern v. City of San Diego*, No. 13-cv-0321-LAB, 2014 U.S. Dist. LEXIS 9137, at **4-5 (S.D. Cal. Jan. 24, 2014. All the facts of this case have been articulated in the Complaint and all documents other than Plaintiff's respective AT&T bill (in Defendant's

Plaintiff's Motion to Strike Affirmative Defenses   Page **2** of **7**

Case 1:18-cv-00007-MR-DLH   Document 15   Filed 02/20/18   Page 2 of 7

possession) relevant to Experian are attached thereto; [See Doc.1 ¶17, Exhibits 1-3]. Experian failed in all respects to respond to Plaintiff's clear and explicit requests for her full consumer file disclosure. 15 U.S.C. §1681g is unambiguous in its plain language regarding the actions required on the part of Experian after Plaintiff in clear, concise, and articulate language, made two formal requests for her full consumer file disclosure. Although facts in regard to the basis for her claims are fully and completely articulated in Plaintiff's Complaint accompanied by supporting documentation; Defendant seeks to dispose of this case by asserting as an affirmative defense a claim that could and should be properly brought before the Court on a Motion to Dismiss thus circumventing if granted, Plaintiff's right to due process and remedy under the law. Such an attempt is unfair and prejudicial to the Plaintiff and this affirmative defense should be stricken.

**Third Defense.** Plaintiff has failed to mitigate her damages. This is not a valid affirmative defense simply because failure to mitigate is not a defense to an award of statutory damages. It may be a defense to a claim for actual damages but Plaintiff has made no such claim. It has no basis in law or recognized legal theory. Plaintiff bears the burden of showing she is entitled to whatever statutory damages the statute allows. Plaintiff clearly indicated her effort to avoid the necessity to seek any damages at all when she sent her second and final request for her full consumer file disclosure to Experian [Doc.1, Ex. 2)] and included more than sufficient proof of identification which included copies of her valid North Carolina driver license, social security card and a copy of her AT&T bill (showing current address and phone number). Experian chose to completely ignore Plaintiff's second letter and failed to make any attempt whatsoever to respond to her proper request as required by 15 U.S.C. §1681g(a)(1). Even if failure to mitigate were a sufficient affirmative defense in regard to statutory damages Plaintiff could not have been

clearer in her second letter to Experian that she would seek remedy if her request for her full consumer file disclosure was not honored as required by statute.

**Fourth Defense**. <u>Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff herself and resulted from Plaintiff's own negligence, which equaled or exceeded any alleged negligence or wrongdoing by Experian.</u> This is not a defense. Plaintiff took no actions beyond that which the statute enumerates as a proper request for her full consumer file disclosure. Plaintiff did this not once but twice and did so with clear, concise, and articulate language. [Doc.1, Ex. 1,2]. 0Defendant is responsible for its own failure to act in that it utterly failed to respond to Plaintiff's lawful request not once but twice. Plaintiff has been completely forthcoming with this Court and the Defendant in regard to her actions, provided all documentation in her possession, and articulated clearly in her Complaint what the basis for her claims of statutory damages are. This defense has no merit and bears no relevance to the claims made and should be stricken.

**Fifth Defense.** <u>Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff. Therefore, Plaintiff is estopped and barred from recovery of any damages.</u> It should be obvious to the Court that Plaintiff did nothing more than request her full consumer file disclosure and Experian provided nothing. Experian makes no statement as to how or on what legal basis Plaintiff could be estopped and barred from recovery of any damages. Further, Experian makes no reference as to how Plaintiff could possibly have caused its failure to act and thus be, herself, responsible, for any damages. This is yet another boilerplate affirmative defense with no basis in law or fact and as such should be stricken. "A defense should be struck when it is clearly irrelevant and frivolous and its removal from the case would avoid wasting unnecessary time and money litigating the

invalid defense." *S.E.C. v. Elec. Warehouse, Inc.*, 689 F.Supp. 53, 73 (D. Conn. 1988), aff'd 891 F.2d 457 (2d Cir. 1989).

**Sixth Defense**. <u>The Complaint, and each claim for relief therein that seeks equitable relief, are barred by the doctrine of unclean hands</u>. Defendant raises the equitable defense of unclean hands. The unclean hands defense will, in certain circumstances, provide a defense to claims for injunction or other equitable relief. *See, Performance Unlimited, Inc. v Questar Pub., Inc.*, 52 F.3d 1373, 1383 (6th Cir. 1995). As plaintiff seeks no equitable relief, the unclean hands doctrine is inapplicable to this case, insufficient on its face and nothing short of nonsensical. Defendant has failed to provide any basis for this defense beyond a conclusory statement and it should be stricken.

## CONCLUSION

When "the defense is insufficient as a matter of law, the defense should be stricken to eliminate the delay and unnecessary expense from litigating the invalid claim" *FDIC v. Eckert Seamans Cherin & Mellott,* 754 F. Supp. 22, 23 (E.D.N.Y. 1990); see also *Metric Hosiery Co. v. Spartans Indus., Inc.*, 50 F.R.D. 50, 51-52 (S.D. N.Y. 1970).

Plaintiff certifies that she has consulted with counsel for Defendant Experian. Plaintiff was informed on February 14, 2018 by counsel for Defendant that Experian will not withdraw the Affirmative Defenses 2 thru 6 above.

WHEREFORE, Plaintiff requests this Honorable Court, for reasons stated above, strike Defendant's Affirmative Defenses numbers 2 thru 6 and for any other relief this Court deems just and proper.

Respectfully Submitted,

*Teri Lynn Hinkle*
Teri Lynn Hinkle
19 Mossy Creek Trail
Murphy, North Carolina 28906
828-494-2007
queensongbird@gmail.com

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was sent to the parties listed below by first class mail USPS.

**Counsel for Defendant Equifax, Inc.**
Kendall Carter
King & Spalding, LLP
1180 Peachtree Street
Atlanta, GA 30309

**Counsel for Defendant Experian Information Solutions, Inc.**
Nora F. Sullivan
ELLIS & WINTERS LLP
P.O. Box 33550
Raleigh, NC 27636

Dated February 15, 2018

*/s/ Teri Lynn Hinkle*
Teri Lynn Hinkle