UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

FEB 2 3 2018

Clerk, U.S. Dist. Court
W. Dist. of N.C.

**TERI LYNN HINKLE**
*Plaintiff.*

vs

**EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; EQUIFAX, INC.**
*Defendants*

Civil No: 1:18-CV-00007-MR-DLH

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT TRANS UNION'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

NOW COMES the Plaintiff, Teri Lynn Hinkle, and herein asks this Court to deny Defendant, Trans Union LLC's (Trans Union), Motion to Dismiss for Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6) and states as follows:

### INTRODUCTION

1. In this case the Plaintiff alleged a cause of action for violations of the FCRA. The elements are:

   a. Plaintiff sent a written request by certified mail for a copy of her **full consumer file disclosure** which was received by Trans Union on September 28, 2017 (Doc.1, Ex.1). Attached to the written request were copies of Plaintiff's valid North Carolina driver's license and her social security card.

   b. Defendant, Trans Union responded with a letter requesting further information to confirm Plaintiff's identity and current address. (Doc.1, Ex.3). There was an attached

"form" titled Disclosure Request Form with the language "to receive a copy of your credit report" directly below the title. There was nowhere on the form to instead request a **full consumer file disclosure**. Plaintiff had clearly NOT requested a conventional personal credit report. The letter also requested that Plaintiff send copies of (2) of the qualifying documents listed:

    i. Drivers License
    ii. State ID Card
    iii. Bank or Credit Union Statement
    iv. Cancelled Check
    v. Government Issued ID Card
    vi. Signed Letter from Homeless Shelter
    vii. Stamped Post Office Box Receipt
    viii. Utility Bills (Water, Gas, Electric, or Telephone)
    ix. Pay Stub

2. Even though Plaintiff had already sent (2) of the listed documents with her initial request to Trans Union she mailed a second and final request for her full consumer file disclosure (Doc.1, Ex.2) with copies of her valid North Carolina Driver's License, social security card, and a copy of her current and active Dish Network bill. Trans Union received the second and final request on October 17, 2017.

3. Trans Union responded to Plaintiff's second and final request for her full consumer file disclosure with another letter dated October 17, 2017 which was identical to their first response with the same form attached and asking for the same identity documents which had already been provided to them. (Doc.1, Ex.3).

4. After receiving Plaintiff's second and final request Trans Union had in its possession <u>not two but three</u> forms of "proof of identity and address". In addition, one of those forms was a copy of her social security card bearing the number that Plaintiff had provided previously to Trans Union when requesting conventional credit reports in the past using that same social

security card and number. She had also submitted copies of her Georgia driver's license to Trans Union when filing disputes with them in the past. Trans Union was in possession of more than ample documentation to determine who was making the request for a full consumer file disclosure.

## STANDARD OF REVIEW

5. Federal rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that a pleader is entitled to relief," in order to "give the Defendant fair notice of what the …claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), quoting *Conley v. Gibson*, 355 U.S. 41,47 (1957). "[A] complaint attacked by a 12(b)(6) motion to dismiss does not need factual allegations." *Id*. At 555. "[We] do not require heightened fact pleadings of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id*. At 570.

6. Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991,993 (5th Cir. 1981). It is well established that "pro se complaints are held to less stringent standards than formal pleading drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986,988 (5th Cir. 1981). When considering Defendant's motion, the court must construe the factual allegations in the complaint in the light most favorable to the Plaintiff. *In re Stac. Elecs. Sec. Litig.*, 89 F.3d 1399. 1403 (9th Cir. 1996); Jones v. General Elec. Co., 87 F.3d 209,211 (7th Cir. 1996). Only if no possible construction of the alleged facts will entitle Plaintiff to relief should the court grant Defendant's motion. *Hishon v. King & Spalding*, 467 U.S. 69,73, 104 S. Ct.2229,2232 (1984).

7. The complaint must only include "sufficient factual allegations to provide the grounds on which the claim rests." *Friends of Lake View School District v, Beebe*, 578 F.3d 753,762 (8th Cir.

2009). While "mere labels and conclusions" will not satisfy a Plaintiff's burden, there is no need for detailed factual allegation or specific facts that describe the evidence to be presented. *Id.* A Plaintiff satisfies their burden if they allege facts sufficient to allow a court to infer "more than a mere possibility of misconduct." *Ashcroft v. Iqbal*, 129 W. Ct. 1937,1950 (2009). Well-pleaded allegations of fact and every inference fairly deducible therefrom are accepted as true for purposes of a motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89,93-94 (2007). [A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that recovery is very remote and unlikely." *Twombly*, 550 U.S. 556.

8. If there is any legal theory supported in the factual allegations in Plaintiff's complaint that entitles her to some relief, the Court should deny Trans Union's motion.

## ARGUMENT AND AUTHORITIES

9. Trans Union states in its Motion to Dismiss (Doc. 13, pg. 4, ¶1)… "Trans Union is obligated by § 1681h(a)(1) to "require, as a condition of making the disclosure required under section 1681g of this title that the consumer furnish proper identification.""… "To prevail on a claim based on §1681g(a)(1), then, a plaintiff must adequately plead that the consumer provided proper identification with a request for disclosure and that the CRA failed to provide the consumer with the consumer file."

10. While Trans Union is correct about the language in § 1681h(a)(1), there is nowhere in that section of the statute or any other that affords it the ability to use the same condition precedent over and over as an alternative after receiving proper identification to avoid compliance with §1681g. As is abundantly clear in the exhibits attached to Plaintiff's Complaint and clearly stated therein at (Doc. 1, ¶17 ), proper identification was attached to both her <u>first and second</u> requests for her full consumer file disclosure.

11. Plaintiff does concede that Trans Union twice requested proof of address, however that is where Trans Union veers from truth to fantasy in their Motion to Dismiss. Plaintiff clearly stated in her complaint (Doc. 1, ¶17) "*A copy of the initial letter was sent with the second request for clarification along with identification in the form of a copy of Plaintiff's social security card and driver's license as well as **other documents as requested for identification**.*" (Emphasis added) The other documents referred to in that statement were a copy of Plaintiff's AT&T bill sent to Experian and a copy of Plaintiff's <u>Dish Network bill sent to Trans Union</u> in response to their request for proper identification and explicitly listed in their letter as a proper form of identification. Also as clearly stated in the complaint, Plaintiff sent those documents in response to Trans Union's response letter to her FIRST request for her full consumer file disclosure after which <u>Trans Union simply responded with an identical letter and request for what they already had</u> in lieu of providing a copy of the full consumer file disclosure. Trans Union has had proper identification in regard to Plaintiff's identity and current address since they received Plaintiff's first and most assuredly after they received her final letter of request for a full consumer file disclosure, whereby they chose not to comply with §1681g(a).

12. Trans Union's baseless claim to the necessity of their second request for proper identification is wholly false and appears to have been nothing more than an obvious attempt to place a continuing impediment to Plaintiff receiving a copy of her full consumer file disclosure.

## CONCLUSION

13. Considering the clear facts of this case it appears that Trans Union has engaged in a very close relationship with fantasy when it states in its Motion to Dismiss (Doc. 13 ¶2), "***Plaintiff does not and cannot allege she provided Trans Union with the requested qualifying documents.***" (Emphasis added)

14. 15 U.S.C. §1681g(a)(1) states:

> a. *Information on file; sources; report recipients.* Every consumer reporting agency shall, upon request, and subject to [§1681h], clearly and accurately disclose to the consumer:
> 1. All information in the consumer's file at the time of the request...

15. Trans Union is not a small company inexperienced with the requirements of the FCRA. In fact, they are one of the recognized "big three" and as such are fully aware of their obligations under the law in regard to a consumer's request for full consumer file disclosures. *See Gillespie v. Trans Union Corporation*, 482 F.3d 907 (7th Cir. 2007), *Cortez v. Trans Union, LLC* (3rd Cir. No. 08-2465 & 08-2466, June 2009), and *Clark v. Trans Union, LLC*, No. 3:15cv391, E.D. Virginia (2016).

16. Trans Union's failure to provide Plaintiff with her full consumer file disclosure after a proper request accompanied by <u>more than adequate proof of identity and address</u> constitutes a clear violation of 15 U.S.C. §1681a, and as such affords Plaintiff clear standing to sue for statutory damages. The Supreme Court has consistently held that a plaintiff suffers an Article III injury when he or she is denied information that must be disclosed pursuant to a statute, notwithstanding '[t]he fact that other citizens or groups of citizens might make the same complaint after unsuccessfully demanding disclosure.' *See Pub. Citizen v. U.S. Dep't of Justice*, 491 U.S. 440-50 (1989).

17. It would appear that Trans Union's propensity for non-compliance with the law knows no bounds as it would have this court believe that its erecting of road blocks in the form of repetitive letters released it from any mandated requirement of 1681g. Simply by repeating the same request for information it already had having been provided by Plaintiff it could somehow escape any accountability for violation of the FCRA. To that end, Trans Union now asks the court to dismiss Plaintiff's clearly pleaded and plainly stated case. Its motion should be denied.

**WHEREFORE,** because Trans Union has failed to make any factual arguments for dismissal before this Honorable Court, Plaintiff respectfully requests the Court DENY Trans Union's Motion to Dismiss and allow Plaintiff's claim to move forward to trial on the merits. Should the Court find that Plaintiff has failed to state a claim as alleged by Trans Union, she requests this court grant her leave to file an Amended Complaint to cure any deficiencies identified by the Court.

Respectfully Submitted,

*/s/ Teri Lynn Hinkle*
Teri Lynn Hinkle
19 Mossy Creek Trail
Murphy, North Carolina 28906
828-494-2007
queensongbird@gmail.com

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was sent to the parties listed below by first class mail USPS.

**Counsel for Defendant Equifax, Inc.**
Kendall Carter
King & Spalding, LLP
1180 Peachtree Street
Atlanta, GA 30309

**Counsel for Defendant Experian Information Solutions, Inc.**
Nora F. Sullivan
ELLIS & WINTERS LLP
P.O. Box 33550
Raleigh, NC 27636

**Counsel for Defendant Trans Union LLC**
Kelly S. Brown
Young Moore and Henderson, P.A.
P.O. Box 31627
Raleigh, NC 27622

Dated February 21, 2018

Teri Lynn Hinkle

Plaintiff's Memo in Opposition to Trans Union's Motion to Dismiss Page **8** of **8**

Case 1:18-cv-00007-MR-DLH   Document 16   Filed 02/23/18   Page 8 of 8