# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

Civil No. 1:18-CV-00007-MR-DLH

| | |
|---|---|
| TERI LYNN HINKLE, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) **DEFENDANT TRANS UNION**<br>) **LLC'S REPLY TO PLAINTIFF'S**<br>) **MEMORANDUM IN OPPOSITION** |
| EXPERIAN INFORMATION SOLUTIONS,<br>INC., TRANS UNION LLC, and EQUIFAX,<br>INC., | ) **TO ITS MOTION TO DISMISS FOR**<br>) **FAILURE TO STATE A CLAIM**<br>)<br>) |
| Defendants. | ) |

Defendant Trans Union LLC ("Trans Union") hereby files this Reply to Plaintiff's Memorandum in Opposition to Its Motion to Dismiss for Failure to State a Claim and would respectfully show the Court as follows:

## I. Plaintiff never satisfied the condition precedent in § 1681h(a)(1)

A "plausible claim for relief" is one where the claimant pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)(citations omitted).

Here, there is no inference of misconduct. The allegations in Plaintiff's Complaint along with the attached exhibits show that Trans Union complied with the requirements of the FCRA. Trans Union properly asked Plaintiff to provide documentation to verify her current mailing address because "the current mailing address you provided is not listed in our records." Ex. 3 to Complaint. There are no allegations in the Complaint that she ever satisfied the request to verify her mailing address. Trans Union was not obligated under § 1681g to produce a "full consumer

file disclosure" to an individual who failed to comply with the condition precedent of § 1681h(a)(1) to verify identity and address.

In her opposition Plaintiff discussed providing her social security card and two different state driver's licenses to Trans Union. A social security card does not contain a current mailing address and is not an acceptable document to verify current address. Likewise, a driver's license with an address different from the address where the consumer has requested their disclosure to be mailed is unacceptable to verify current mailing address. Thus, providing her old Georgia driver's license was inconsequential. *See* Opposition ¶4. The unsupported assertion that she provided a "valid North Carolina Driver's license" does not contain any factual information about what address appears on the license or whether a legible copy of the license was submitted. *See* Opposition ¶2. The lack of factual allegations in the Complaint that Plaintiff satisfied Trans Union's request for proof of address in accordance with § 1681h(a)(1) is a fatal flaw.

## II. Plaintiff failed to state a claim and amending would be futile

The procedure to amend a pleading is set forth in FED. R. CIV. P. Rule 15. In her Memorandum in Opposition, Plaintiff buried a request to amend her Complaint. Trans Union believes the proposed amendment is futile because plaintiff failed to satisfy the condition precedent to receive her consumer disclosure. *See Dowell v. County of Contra Cost*, No. 12-cv-5743-JCS, 2013 U.S. Dist. LEXIS 71300 *13 (N.D. Cal. May 20, 2013) (rejecting request for leave to amend embedded in Opposition to Motion to Dismiss); *Foman v. Davis,* 371 U.S. 178, 182 (1962) (identifying futility as a reason to deny leave to amend). There can be no violation of § 1681g because Plaintiff never complied with § 1681h(a)(1).

Trans Union provided more than one way for Plaintiff to verify her address and identity including online. Instead, Plaintiff rushed to the courthouse instead of following the instructions for her to obtain a copy of her information held by Trans Union.

2

Plaintiff raises a red herring argument when she complains that the letter from Trans Union only advised her how to obtain her credit report and not the requested consumer disclosure. Plaintiff misunderstands the difference between a "consumer report" and a consumer disclosure. *See e.g. Pettway v. Equifax Info. Servs., LLC,* 2010 U.S. Dist. LEXIS 13800, at *22 (S.D. Ala. Feb. 12, 2010). "Consumer reports" are generated by a CRA and delivered to a third party for use in deciding whether the consumer is eligible for credit or for other purposes. *Id.* (citing 15 U.S.C. § 1681a(d)). In contrast, a "consumer disclosure" or "consumer file" is a CRA's file that is provided to the consumer, not to third parties, that contains information about the consumer recorded and retained by the CRA. *Id.* (citations omitted). In other words, there cannot be a consumer report without delivery to a third party.

## IV. CONCLUSION

For the foregoing reasons, Trans Union respectfully requests that Trans Union's Motion to Dismiss be granted and Plaintiffs' Complaint is dismissed in its entirety and all claims against Trans Union be dismissed with prejudice.

                            YOUNG MOORE AND HENDERSON, P.A.

BY:   /s/ Kelly S. Brown
        Kelly S. Brown
        N.C. State Bar No. 37829
        *Local Civil Rule 83.1 Counsel for*
        *Defendant Trans Union LLC*
        P.O. Box 31627
        Raleigh, NC 27622
        Telephone: (919) 782-6860
        Facsimile: (919) 782-6753
        Email: kelly.brown@youngmoorelaw.com

## CERTIFICATE OF SERVICE

This is to certify that on March 2, 2018, a true and correct copy of the above and foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

Autumn Hamit Patterson
ahpatterson@jonesday.com
Jones Day
2727 North Harwood Street
Dallas, TX 75201
(214) 969-2066
(214) 969-5100 Fax
and
Ashley K. Brathwaite
ashley.brathwaite@elliswinters.com
Ellis & Winters LLP
P.O. Box 33550
Raleigh, NC 27636
(919) 865-7000
(919) 865-7010 Fax
*Counsel for Experian Information Solutions, Inc.*

Teri Lynn Hinkle
queensongbird@gmail.com
190 Mossy Creek Trail
Murphy, NC 28906
(828) 494-2007
***Pro Se Plaintiff***

YOUNG MOORE AND HENDERSON, P.A.

BY: /s/ Kelly S. Brown
Kelly S. Brown
N.C. State Bar No. 37829
*Local Civil Rule 83.1 Counsel for Defendant Trans Union LLC*
P.O. Box 31627
Raleigh, NC 27622
Telephone: (919) 782-6860
Facsimile: (919) 782-6753
Email: kelly.brown@youngmoorelaw.com