UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| Teri Lynn Hinkle, | § |  |
| --- | --- | --- |
|  | § |  |
| Plaintiff, | § |  |
|  | § |  |
| v. | § | Case No. 1:18-CV-00007 |
|  | § |  |
| Experian Information Solutions, Inc.; | § |  |
| TransUnion LLC; Equifax, Inc., | § |  |
|  | § |  |
| Defendants. | § |  |

## DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES

NOW COMES Defendant Experian Information Solutions, Inc. ("Experian"), by and through its undersigned counsel, and files its response in opposition to Plaintiff's Motion to Strike Defendant Experian Information Solutions, Inc.'s Affirmative Defenses.[1]

### I. BACKGROUND

On January 8, 2018, Plaintiff filed suit against Experian, Trans Union LLC ("Trans Union"), and Equifax, Inc. ("Equifax"), alleging that the defendants violated the Fair Credit Reporting Act (the "FCRA").[2] The Complaint alleges that Plaintiff requested her "full consumer file disclosure" and that none of the Defendants provided her with a "full consumer file disclosure" as required by section 1681g(a)(1) of the FCRA.[3] Experian and Trans Union allegedly responded by sending letters requesting that Plaintiff provide additional documents for

---

[1] *See* Docket No. 15, Plaintiff's Motion to Strike Defendant Experian Information Solutions, Inc.'s Affirmative Defenses and Memorandum in Support [hereinafter, "Plaintiff's Motion"].
[2] *See* Docket No. 1, Complaint for Violations of the FCRA [hereinafter, the "Complaint"].
[3] *See id*. at ¶¶ 1–17.

identification purposes.[4] Equifax allegedly responded by sending a copy of Plaintiff's "credit report," which Plaintiff claims did not comply with the FCRA or her request for her "full consumer file disclosure."[5] On February 12, 2018, twenty-one days after receiving the Complaint, Experian filed its Answer and Affirmative Defenses.[6] In its Answer, Experian asserted the following five defenses that it intended to develop through discovery: (1) the Complaint failed to state a valid claim for relief; (2) Plaintiff failed to mitigate her alleged damages; (3) any alleged damages were caused, in part, by Plaintiff's actions and own negligence, which equaled or exceeded any alleged wrongdoing or negligence by Experian; (4) Plaintiff's conduct was the direct and proximate cause of any damages suffered; and (5) the Complaint and any claim for equitable relief is barred by Plaintiff's unclean hands.[7] Experian also expressly reserved its right to amend its answer and assert additional defenses if discovery revealed that such amendment was necessary. On February 20, 2018, Plaintiff moved to strike all five of Experian's asserted affirmative defenses.

## II.     LEGAL STANDARD

To plead defenses sufficiently, a defendant must "state in short and plain terms its defenses." FED. R. CIV. P. 8(b). A defense pleading is sufficient when it provides "plaintiff fair notice of the nature of the defense." *See Clem v. Corbeau*, 98 F. App'x 197, 203 (4th Cir. 2004). If a defense is not sufficiently pleaded, the court has discretion to strike that defense under Rule 12(f) of the Federal Rules of Civil Procedure if the court chooses to do so. *See* FED. R. CIV. P. 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."). District courts are given "broad discretion in

---

[4] *See id.* at ¶¶ 10, 14, 17.
[5] *See id.* at ¶¶ 12, 17–18.
[6] *See* Docket No. 5, Defendant Experian Information Solutions, Inc.'s Answer and Affirmative Defenses [hereinafter, "Experian's Answer"].
[7] *See id.* 11.

deciding whether to strike matters from pleadings," *F.D.I.C. v. Willetts*, 882 F. Supp. 2d 859, 870 (E.D.N.C. 2012), and usually deny motions to strike defenses absent "a showing of prejudice to the moving party," *Morrisroe v. Goldsboro Mill. Co.*, 884 F. Supp. 192, 194 (E.D.N.C. 1994).

Motions to strike a defense are also usually denied because the burden of proof lies with the plaintiff. *See Aramark Unif. & Career Apparel, LLC v. Hernandez*, No. 7:16-CV-336-BR, 2017 WL 3493605, at *1 (E.D.N.C. Aug. 11, 2017); *McMillian v. Leconey*, No. 5:09-CV-175-BR, 2010 WL 4791800, at *1 (E.D.N.C. Nov. 17, 2010). And, in assessing the sufficiency of the defense, courts "must view the pleading under attack in a light most favorable to the pleader." *United States v. Appelbaum*, 47 F. Supp. 3d 370, 378 (W.D.N.C. 2014). As a result, the "drastic remedy" of striking defenses is rarely warranted. *See Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (explaining that "Rule 12(f) motions are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic'" (quoting 5A A. CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1380, 647 (2d ed. 1990))); *McMillian v. Leconey*, 5:09-CV-175-BR, 2010 WL 4791800, at *1 (E.D.N.C. Nov. 17, 2010) ("A motion to strike defenses is 'a drastic remedy . . . and is infrequently granted.'" (quoting *First Fin. Sav. Bank v. Am. Bankers Ins. Co.*, 783 F. Supp. 963, 966 (E.D.N.C. 1991))).

The Fourth Circuit has not decided whether affirmative defenses must meet the heightened pleading standard described in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See Guessford v. Penn. Nat'l Mutual Casualty Insurance Co.*, 918 F. Supp. 2d 453, 468 (M.D.N.C. 2013). Although district courts are divided on whether the *Twombly*/*Iqbal* standard applies to defense pleadings, several district courts within the Fourth Circuit have rejected calls to extend the *Twombly*/*Iqbal* standard to

affirmative defenses. *See, e.g.*, *Narbona v. Micron Precision, LLC*, No. 3:14-cv-00060-MOC-DSC, 2014 WL 1875038, at *1 (W.D.N.C. May 9, 2014); *Grant v. Bank of Am., N.A.*, No. 2:13-CV-342, 2014 WL 792119, at *3 (E.D. Va. Feb. 25, 2014). *But see Certusview Techs., LLC v. Usic, LLC*, No. 2:14CV373, 2014 WL 12591937, at *4 (E.D. Va. Dec. 15, 2014) (discussing the "conflicting decisions" among district courts within the Fourth Circuit regarding whether the *Twombly*/*Iqbal* standard applies to affirmative defenses and rejecting the "apparent majority position" that the *Twombly*/*Iqbal* standard should be extended to affirmative defenses). Furthermore, the Fourth Circuit had previously concluded that an affirmative defense that was pleaded generally gave the plaintiff fair notice and was thus sufficiently pleaded. *See Clem*, 98 F. App'x at 203 ("An affirmative defense may be pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff fair notice of the nature of the defense.").

The plain text of the Federal Rules, which must be followed, also indicates that different pleading standards apply to defenses as opposed to claims. *See Marex Titanic, Inc. v. Wrecked & Abandoned Vessel*, 2 F.3d 544, 546–47 (4th Cir. 1993) (explaining that the court's task is to apply the plain meaning of the Federal Rules of Civil Procedure); *cf. United States v. Carey*, 120 F.3d 509, 512 (4th Cir. 1997) (concluding the court was constrained to follow the plain language of the Federal Rules of Criminal Procedure). Rule 8(a)(2) requires that a complaint include "a short and plain statement of the claim *showing that the pleader is entitled to relief*," whereas Rule 8(b)(1)(A) requires only that a defendant "*state* in short and plain terms its defenses to each claim" FED. R. CIV. P. 8(a)(2), (b)(1)(A) (emphases added). Rule 8(c) likewise requires only that a party "affirmatively state any avoidance or affirmative defense." FED. R. CIV. P. 8(c); *see also Narbona*, 2014 WL 1875038, at *1 (reasoning that if "the drafters wanted the same pleading standard to apply to claims and defenses, they could have group[ed] claims and

defenses in Rule 8(a)(2)," or they could have "lift[ed] the pleading requirements of Rule 8(a)(2) and dropp[ed] them in Rule 8(c)," but they deliberately chose not to do so).

Moreover, extending *Twombly* and *Iqbal* to defense pleadings would unfairly subject a defendant to a heightened pleading standard when a defendant "typically has only 21 days within which to Answer or otherwise respond to a complaint and assert its affirmative defenses" as opposed to a plaintiff who "has months if not years to investigate its claim and craft a complaint which alleges plausible facts that show they are entitled to the relief they seek." *See id.* at *2. Therefore, if a pleaded defense gives a "plaintiff fair notice of the nature of the defense," *see Clem*, 98 F. App'x at 203, the "drastic remedy" of striking the defenses under Rule 12(f) is unwarranted, s*ee Waste Mgmt.*, 252 F.3d at 347.

### III. ARGUMENT

Because Experian's pleadings give Plaintiff fair notice of its defenses, Plaintiff cannot prove that Experian's defenses are insufficient and that she is entitled to the drastic remedy of striking Experian's defenses. The court should thus deny Plaintiff's motion to strike Experian's defenses.

Experian gave Plaintiff fair notice of the defenses it intended to develop through discovery by affirmatively stating those defenses in "short and clear terms" as required by the Federal Rules.[8] *See* FED. R. CIV. P. 8(b),(c). Accordingly, Plaintiff has "fair notice of the nature of the defense[s]" that Experian will pursue based on what facts emerge during the discovery process. *See Clem*, 98 F. App'x at 203. These defenses are proper defenses that can rebut, either in whole or in part, Plaintiff's claims. Moreover, Plaintiff cannot show that she would be prejudiced by Experian conducting discovery regarding these defenses—Experian's asserted defenses are logically related to the subject of the controversy. The Court should therefore deny

---

[8] *See* Experian's Answer at 11.

Plaintiff's Motion in its entirety. *See Morrisroe*, 884 F. Supp. at 194 (explaining that Rule 12(f) motions to strike defenses are disfavored and that it is improper to deny them when the moving party cannot show prejudice).

A. **Because Experian sufficiently pleaded a failure to state a claim defense under the Federal Rules, the Court should deny Plaintiff's Motion to strike it.**

Experian properly pleaded the defense that Plaintiff failed to state a claim that would entitle her to relief from Experian. Relying on unpublished cases from California district courts, Plaintiff claims this defense is an improper defense and suggests it can only be the subject of a Rule 12(b)(6) motion to dismiss. The Federal Rules of Civil Procedure, however, allow a failure to state a claim defense to be asserted in a motion *or* in a responsive pleading, such as an answer. Rule 12(b) provides that "a party *may* assert" certain "defenses by motion" including "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b) (emphasis added). In the alternative, a party can join the failure to state a claim defense "in a responsive pleading," which does not waive the defense. *See* FED. R. CIV. P. 12(b) ("No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion."). Furthermore, Rule 12(h) expressly provides that "[f]ailure to state a claim upon which relief can be granted . . . may be raised . . . in any pleading allowed or ordered under Rule 7(a)," and one of the pleadings provided for in Rule 7(a) is "an answer to a complaint." *See* FED. R. CIV. P. 7(a); 12(h). The Federal Rules thus expressly permit Experian to assert a failure to state a claim defense in its answer, rather than filing a motion to dismiss. *See Marex Titanic, Inc.*, 2 F.3d at 546-47 (4th Cir. 1993) (acknowledging the plain meaning of the Federal Rules of Civil Procedure govern). Similarly, the Local Rules specifically allow a defendant to assert a motion to dismiss in an answer "to preserve the issue." *See* LCvR 7.1. Plaintiff therefore cannot show that she is somehow prejudiced by Experian's pleading, which complied with the relevant

rules. Accordingly, Plaintiff failed to carry her burden to show that Experian's failure to state a claim defense was improper or insufficient. *See Aramark Unif. & Career Apparel, LLC*, 2017 WL 3493605, at *1 ("The burden of proof on a motion to strike lies with the moving party.").

Moreover, the Complaint and its attached exhibits demonstrate the merits of Experian's failure to state a claim defense.[9] According to Exhibit 3, Plaintiff sent Experian a request for her consumer disclosure information from an address that had not been previously reported to Experian.[10] Under the FCRA, Experian must take steps to verify a consumer's identify before furnishing consumer disclosure information to safeguard that information. Section 1681h provides that Experian must "require, as a condition of making the disclosures required under section 1681g of this title, that the consumer furnish proper identification." *See* 15 U.S.C. § 1681h(a)(1). To comply with the FCRA's mandates and safeguard Plaintiff's information, Experian requested that Plaintiff provide basic identification documentation, including "one copy of a current utility bill, bank or insurance statement" to verify her identity and address since Plaintiff had moved to a new address.[11] However, as Exhibit 2 demonstrates, Plaintiff did not send a copy of a current utility bill as requested.[12] Plaintiff instead only allegedly provided a copy of her social security and driver's license, which may not have been legible or reflected Plaintiff's new address.[13] Copies of driver's licenses that Experian receives are often not legible due to the poor quality of some photocopy machines. The Complaint and exhibits thus show that

---

[9] Plaintiff attached exhibits to the Complaint and referenced those exhibits throughout the Complaint, which incorporates those exhibits into the Complaint by reference. *See Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 197 (4th Cir. 2009) (explaining that "assess[ing] the complaint 'in its entirety'" includes considering "any exhibits incorporated by reference" (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007))).

[10] *See* Complaint, Ex. 3.

[11] *See id.*

[12] *See* Complaint, Ex. 2. In contrast to the Complaint and exhibits, Plaintiff's Motion alleges that Plaintiff included "a copy of her AT&T bill (showing current address and phone number)" in "her second and final request for her full consumer file disclosure to Experian." *See* Plaintiff's Motion at 3.

[13] Although the letter states that a copy of Plaintiff's social security card and driver's license was attached, those copies were not attached to the Complaint, nor does the Complaint allege that those documents were legible. *See* Complaint, Ex. 2.

Experian complied with the FCRA by requiring proper identification before providing Plaintiff with her consumer disclosure information. Because the Complaint and exhibits show Experian abided by the FCRA's mandates, the Complaint fails to state a valid claim that Experian violated the FCRA and Experian's failure to state a claim defense is wholly appropriate.

**B.  Because Experian properly pleaded a failure to mitigate defense that gave Plaintiff fair notice of the defense, the Court should deny Plaintiff's motion to strike it.**

Experian properly pleaded that Plaintiff failed to mitigate her damages. Plaintiff argues that Experian's failure to mitigate defense is improper because she pleaded only statutory damages, not actual damages. But the Complaint seeks damages and costs against Experian pursuant to 15 U.S.C. § 1681n, which expressly allows for recovery of actual damages.[14] It was thus appropriate for Experian to plead failure to mitigate as a defense against Plaintiff's claim for damages under § 1681n. To the extent that Plaintiff seeks to prove actual damages, Experian is entitled to rely on the defense that Plaintiff failed to mitigate those damages.

Plaintiff also mistakenly suggests that her pleadings demonstrate that Experian cannot prove that she failed to mitigate any damages. *First*, this is an argument regarding the merits of Plaintiff's allegations, which does not constitute a basis for striking a well-pleaded defense. *Second*, unlike for purposes of a motion to dismiss, the Court is not required to view Plaintiff's well-pleaded allegations as true, but instead must view the allegations in the light most favorable to Experian. *Compare LeSueur-Richmond Slate Corp. v. Fehrer*, 666 F.3d 261, 264 (4th Cir. 2012) ("accept[ing] as true all of the well-pleaded allegations and view[ing] the complaint in the light most favorable to the [plaintiff]" when reviewing whether the district court properly granted the motion to dismiss the plaintiff's claims), *with Appelbaum*, 47 F. Supp. 3d at 378 (explaining that courts "must view the pleading under attack in a light most favorable to the pleader" when

---

[14] *See* Complaint at 6.

NAI-1503493875v1

assessing the sufficiency of pleadings under a Rule 12(f) motion). Plaintiff's argument improperly inverts the standard of review by essentially asking the Court to conclude that her pleaded factual allegations are true and that those allegations conclusively negate Experian's failure to mitigate defense.

Moreover, as explained above, the Complaint and exhibits show that Plaintiff failed to provide Experian with the information that Experian requested to verify Plaintiff's identity and address, such as a utility bill. Any alleged harm that Plaintiff may have suffered as a result of not receiving her consumer disclosure information in response to her September and October 2017 requests could have been mitigated by Plaintiff submitting the requested identifying documentation to Experian. Plaintiff could have mailed Experian the requested identifying documentation or could have visited a secure website to obtain access to her consumer disclosure information.[15] Rather than pursuing either of those options, Plaintiff chose not to provide Experian with the required identifying documentation. Failure to mitigate is therefore an appropriate defense to Plaintiff's claims and it was properly pleaded.

C. **Because Experian properly pleaded a comparative and contributory negligence defense and estoppel defense that gave Plaintiff fair notice of the defenses, the Court should deny Plaintiff's motion to strike them.**

Plaintiff makes similarly flawed arguments regarding Experian's comparative fault, contributory negligence, and estoppel defenses. Plaintiff argues these defenses are improper because she "took no actions beyond that which the statute enumerates as a proper request for her full consumer file disclosure" and that "[i]t should be obvious to the Court that Plaintiff did nothing more than request her full consumer file disclosure and Experian provided nothing."[16] Once again, Plaintiff's Motion fails to apply the proper standard. The standard is not whether

---

[15] *See* Complaint, Ex. 3 (explaining that Plaintiff could get "faster service" and "immediate online access" by visiting "www.experian.com/help").
[16] *See* Plaintiff's Motion at 4.

NAI-1503493875v1

Plaintiff has alleged facts that, if true, make it "obvious to the Court" she can negate Experian's asserted defense, but instead whether the pleading gives the plaintiff "fair notice" of the defense. *See Clem*, 98 F. App'x at 203. Experian properly gave Plaintiff "fair notice" of these defenses and is entitled to discovery to develop these defenses further.

Furthermore, Plaintiff's own allegations in the Complaint and incorporated exhibits demonstrate that Plaintiff failed to provide necessary identifying documentation to Experian. Plaintiff's failure to provide this documentation to Experian precluded Experian from being authorized to provide Plaintiff with her consumer disclosure information under the FCRA. *See* 15 U.S.C. § 1681h(a)(1) ("A consumer reporting agency shall require, as a condition of making the disclosures required under section 1681g of this title, that the consumer furnish proper identification."); *see also Alston v. Experian Info. Sols., Inc.*, No. DKC 15-3806, 2016 WL 3541242, at *3 (D. Md. June 29, 2016) (concluding it was not unreasonable for a consumer reporting agency to respond to a plaintiff's request for his consumer disclosure information by "seeking additional information to verify Plaintiff's identity and address before sending him potentially sensitive information from his credit file"). Accordingly, Plaintiff did not receive her consumer disclosure information because of her action or inaction—her refusal to provide the necessary identifying documentation. This failure to send the requested documentation "equaled or exceeded any alleged negligence or wrongdoing by Experian," making Experian's comparative fault defense appropriate.[17] Similarly, "[a]ny damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result" of Plaintiff's failure to provide the necessary identifying documentation.[18] Therefore, Experian's defenses of

---

[17] *See* Experian's Answer at 11.
[18] *See id.*

comparative fault, contributory negligence, and estoppel were properly pleaded, and Plaintiff has failed to meet her burden of demonstrating otherwise.

**D.      Experian properly pleaded its unclean hands defense, but will withdraw it without prejudice if Plaintiff stipulates that she is not seeking equitable relief.**

The Complaint alleges defendants improperly withheld information from Plaintiff for "some nefarious reason" and seeks access to that information "concealed from her."[19]  Liberally construing these allegations, as is required, Plaintiff could be seeking equitable relief to obtain access to this information that is allegedly being wrongfully concealed from her.  Accordingly, it was proper for Experian to plead a defense based on the doctrine of unclean hands based on Plaintiff's failure to provide the necessary identification documents and other facts that discovery might reveal.  However, if Plaintiff stipulates that she is not and will not seek equitable relief from the Court, Experian will agree withdraw this defense without prejudice.

## IV.    CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's request for the drastic remedy of striking Experian's defenses.  If the Court grants Plaintiff's Motion, Experian respectfully requests the opportunity to replead.

---

[19] *See* Complaint at ¶¶ 22–28.

NAI-1503493875v1

Dated: March 6, 2018

Respectfully submitted,

*s/ Ashley K. Brathwaite*
Ashley K. Brathwaite
N.C. Bar No. 33830
ELLIS & WINTERS LLP
P.O. Box 33550
Raleigh, NC 27636
Telephone: (919) 865-7000
Facsimile: (919) 865-7010
ashley.brathwaite@elliswinters.com

*s/ Autumn Hamit Patterson*
Autumn Hamit Patterson
*Admitted Pro Hac Vice*
Texas Bar No. 24092947
JONES DAY
2727 North Harwood Street
Dallas, TX 75201
Telephone: (214) 969-2966
Facsimile: (214) 969-5100
ahpatterson@jonesday.com

*Counsel for Defendant*
*Experian Information Solutions, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2018, I electronically filed a true and correct copy of the foregoing Defendant Experian Information Solutions, Inc.'s Response in Opposition to Plaintiff's Motion to Strike Affirmative Defenses with the Clerk of the District Court of the Western District of North Carolina by using the CM/ECF system, which will send notification to the parties and attorneys of record in the case who are registered CM/ECF users.

*s/ Autumn Hamit Patterson*
Autumn Hamit Patterson