IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

Civil No. 1:18-CV-00007-MR-DLH

| | |
|---|---|
| TERI LYNN HINKLE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, and EQUIFAX, INC.,<br><br>　　　　Defendants. | **DEFENDANT TRANS UNION LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** |

COMES NOW, Trans Union LLC ("Trans Union"), one of the Defendants herein, and files its Answer and Defenses to Plaintiff's Complaint ("Complaint") filed by Teri Lynn Hinkle ("Plaintiff"). The paragraph numbers below correspond to the paragraph numbers contained in Plaintiff's Complaint to the extent possible.

## **JURISDICTION**

1.　　Trans Union admits that this Court is a United States District Court as defined in 15 U.S.C. § 1681p, but denies that Plaintiff has suffered a concrete injury and denies that this Court has subject matter jurisdiction. Trans Union denies the remaining allegations contained in paragraph 1 of the Complaint.

2.　　Trans Union denies the allegations contained in paragraph 2 of the Complaint.

## **PARTIES**

3.　　Trans Union admits that Plaintiff is a natural person. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3 of the Complaint and, therefore, denies same.

4.　　Trans Union is without information or knowledge sufficient to form a belief as to

the truth of the allegations contained in paragraph 4 of the Complaint and, therefore, denies same.

5. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint and, therefore, denies same.

6. Trans Union admits that it is a limited liability company organized under the laws of the State of Delaware with its principal place of business located in Chicago, Illinois. Trans Union admits that it is a "consumer reporting agency" as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681a(f).

**VENUE**

7. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint and, therefore, denies same.

8. Trans Union admits that venue is proper in this Court.

**GENERAL ALLEGATIONS**

9. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and, therefore, denies same.

10. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and, therefore, denies same.

11. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and, therefore, denies

same.

12.     Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and, therefore, denies same.

13.     Trans Union admits that on September 29, 2017, it received correspondence from Plaintiff, dated September 26, 2017 requesting a copy of her consumer file.

14.     Trans Union admits that on October 5, 2017, it sent Plaintiff a letter requesting proof of her current mailing address.  To the extent not specifically admitted, Trans Union denies the remainder of paragraph 14 of the Complaint.

15.     Trans Union admits that Plaintiff's correspondence dated September 26, 2017 included specific provisions of the FCRA.  As to the other Defendants, Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, or the authenticity of Exhibit 1, and, therefore, denies same.

16.     Trans Union admits the allegations contained in paragraph 16 of the Complaint. As to the other Defendants, Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint and, therefore, denies same.

17.     Trans Union admits that on October 17, 2017, it received correspondence from Plaintiff, dated October 14, 2017, requesting a copy of her consumer file.  Trans Union also admits that Plaintiff's correspondence included copies of her social security card and driver's license.  As to the other Defendants, Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint, or the authenticity of Exhibit 2, and, therefore, denies same.

18. Trans Union admits that Plaintiff did not request a "credit report." As to the other Defendants, Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint and, therefore, denies same.

19. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint and, therefore, denies same.

20. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint and, therefore, denies same.

21. Trans Union admits that on October 18, 2017, it sent Plaintiff a letter requesting proof of her current mailing address. To the extent not specifically admitted, Trans Union denies the remainder of paragraph 21 of the Complaint.

22. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint and, therefore, denies same.

23. Trans denies the allegations contained in paragraph 23 of the Complaint.

24. Trans Union denies reporting false or misleading information on Plaintiff's Trans Union credit file. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 24 of the Complaint and, therefore, denies same.

25. Trans Union denies the allegations contained in paragraph 25 of the Complaint.

26. Trans Union denies that it illegally concealed information from Plaintiff. Trans

4

Union denies the allegations contained in paragraph 26 of the Complaint.

27. Trans Union denies the allegations contained in paragraph 27 of the Complaint. As to the other Defendants, Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint and, therefore, denies same.

28. Trans Union denies the allegations contained in paragraph 28 of the Complaint.

29. Trans Union denies that it violated the FCRA. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint and, therefore, denies same. As to the other Defendants, Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint and, therefore, denies same.

30. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint and, therefore, denies same.

## COUNT I

## VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, WILLFUL NON-COMPLIANCE BY DEFENDANT EXPERIAN INFORMATION SOLUTIONS INC.

31. Trans Union restates and incorporates its responses to paragraphs 1 – 30 above as though fully stated herein.

32. Trans Union admits that Plaintiff is a consumer as defined in 15 U.S.C. § 1681 a(c).

33. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint and, therefore, denies same.

34. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint and, therefore, denies same.

Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in the prayer paragraph of Count I of the Complaint and, therefore, denies same.

## COUNT II

### VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, WILLFUL NON-COMPLIANCE BY DEFENDANT TRANS UNION LLC

35. Trans Union restates and incorporates its responses to paragraphs 1 – 34 above as though fully stated herein.

36. Trans Union admits that Plaintiff is a consumer as defined in 15 U.S.C. § 1681 a(c).

37. Trans Union admits that it is a "consumer reporting agency" as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681a(f).

38. Trans Union denies the allegations contained in paragraph 38 of the Complaint.

Trans Union denies the relief sought in the prayer paragraph of Count II of the Complaint.

## COUNT III

### VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, WILLFUL NON-COMPLIANCE BY DEFENDANT EQUIFAX, INC.

39. Trans Union restates and incorporates its responses to paragraphs 1 – 38 above as though fully stated herein.

40. Trans Union admits that Plaintiff is a consumer as defined in 15 U.S.C. § 1681 a(c).

41. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint and, therefore, denies same.

42. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint and, therefore, denies same.

Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in the prayer paragraph of Count III of the Complaint and, therefore, denies same.

## DEMAND FOR TRIAL BY JURY

Trans Union admits that Plaintiff demands a trial by jury.

## DEFENSES

43. Plaintiff has failed to state a claim against Trans Union upon which relief can be granted.

44. At all relevant times, Trans Union maintained and followed reasonable procedures to avoid violations of the FCRA and assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports related to Plaintiff.

45. Trans Union alleges that any alleged damages to Plaintiff, which Trans Union continues to deny, are the result of the acts or omissions of Plaintiff or others, over whom Trans Union has no control and for whom Trans Union has no responsibility.

46. Trans Union at all times acted in compliance with the FCRA.

47. Trans Union has not published any false, inaccurate or defamatory information to a third-party regarding Plaintiff and has not acted with negligence, malice, actual malice, or

willful intent to injure.

48. Any statement made by Trans Union regarding Plaintiff was true or substantially true.

49. Plaintiff failed to mitigate her alleged damages.

50. Plaintiff's claims for exemplary or punitive damages and the FCRA damage model violate the Due Process Clause of the Fourteenth Amendment and the laws of the State of North Carolina.

51. Trans Union affirmatively pleads that it is entitled to attorney's fees in the event that the Court determines that the Plaintiff has filed an unsuccessful pleading, motion, or other paper in connection with this action under Section 1681n or 1681o of the FCRA in bad faith or for purposes of harassment.

52. Any alleged damages to Plaintiff, which Trans Union continues to deny, were caused in whole or in part by an intervening or superseding cause.

53. Plaintiff lacks standing to assert the claims alleged in this action against Trans Union.

54. The Court lacks subject matter jurisdiction over the claims asserted in this action against Trans Union.

55. In the interest of justice, Trans Union may seek to transfer this matter pursuant to 28 U.S.C. § 1404, as this Court is not the most convenient venue for the parties and witnesses.

WHEREFORE, PREMISES CONSIDERED, Defendant Trans Union LLC, respectfully requests that this Honorable Court deny the relief requested in Plaintiff's Complaint, dismiss the action in its entirety, grant Trans Union its costs of suit and expenses incurred herein, including reasonable attorneys' fees, and for such other and further relief as the court deems just.

Respectfully submitted,

This 7th day of March, 2018.

                                      YOUNG MOORE AND HENDERSON, P.A.

                     BY:   /s/ Kelly S. Brown
                                  Kelly S. Brown
                                  N.C. State Bar No. 37829
                                  *Local Civil Rule 83.1 Counsel for*
                                  *Defendant Trans Union LLC*
                                  P.O. Box 31627
                                  Raleigh, NC 27622
                                  Telephone: (919) 782-6860
                                  Facsimile: (919) 782-6753
                                  Email: kelly.brown@youngmoorelaw.com

# CERTIFICATE OF SERVICE

This is to certify that on March 7, 2018, a true and correct copy of the above and foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

Autumn Hamit Patterson
ahpatterson@jonesday.com
Jones Day
2727 North Harwood Street
Dallas, TX 75201
(214) 969-2066
(214) 969-5100 Fax
and
Ashley K. Brathwaite
ashley.brathwaite@elliswinters.com
Ellis & Winters LLP
P.O. Box 33550
Raleigh, NC 27636
(919) 865-7000
(919) 865-7010 Fax
*Counsel for Experian Information Solutions, Inc.*

Teri Lynn Hinkle
queensongbird@gmail.com
190 Mossy Creek Trail
Murphy, NC 28906
(828) 494-2007
*Pro Se Plaintiff*

YOUNG MOORE AND HENDERSON, P.A.

BY:  /s/ Kelly S. Brown
Kelly S. Brown
N.C. State Bar No. 37829
*Local Civil Rule 83.1 Counsel for Defendant Trans Union LLC*
P.O. Box 31627
Raleigh, NC 27622
Telephone: (919) 782-6860
Facsimile: (919) 782-6753
Email: kelly.brown@youngmoorelaw.com