RECEIVED
ASHEVILLE, N.C.
MAR 07 2018
Clerk, U.S. Dist. Court
W. Dist. of N.C.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| TERI LYNN HINKLE )<br>*Plaintiff* )<br> )<br> )<br>vs )<br> )<br> )<br>EXPERIAN INFORMATION )<br>SOLUTIONS, INC.; TRANS UNION )<br>LLC; EQUIFAX, INC. )<br>*Defendants* )<br> )<br> )<br> ) | Civil No: 1:18-CV-00007-MR-DLH |

### PLAINTIFF'S SUR-REPLY IN SUPPORT OF HER OPPOSITION TO TRANS UNION'S MOTION TO DISMISS

COMES NOW Plaintiff Teri Lynn Hinkle (Hinkle), with her Sur-Reply in support of her Opposition and Memorandum to Defendant Trans Union's Motion to Dismiss and states as follows:

### ARGUMENT

In Doc. 19, pg 1 ¶3 of Trans Union's reply, it argues that Plaintiff failed to comply with conditions precedent of § 1681h(a)(1) to verify identity and address and therefore it was not obligated to provide a **full consumer file disclosure**. Trans Union deliberately attempts to grossly mislead the Court. Plaintiff made her first request and for identification provided her current valid North Carolina driver's license (see Exhibit 1 attached) and a copy of her social security card.

Upon Trans Union's response which was a letter requesting additional identification information Plaintiff did in fact provide additional information in the form of a copy of her

current Dish Network bill. (see Exhibit 2, attached) The Dish Network bill exhibits the exact same address as is shown on the valid and legible North Carolina driver's license provided initially with Plaintiff's first request for her **full consumer file disclosure** and again at the same time the Dish Network bill was provided with her second request. It would be obvious to a human viewing these separate identification documents that the addresses are exactly the same. One can only imagine a computer would be as competent in reading those documents but apparently was not. Trans Union's argument is frivolous and their statement that Plaintiff failed to send additional documentation as requested borders on an outright lie.

At no time in the last twelve months has Plaintiff provided a Georgia driver's license to Trans Union as is apparent by the issue date on Plaintiff's North Carolina driver's license of July 18, 2017, which had been re-issued upon Plaintiff obtaining a Motor Cycle endorsement. Plaintiff surrendered her Georgia driver's license upon registration of her vehicles in North Carolina in May 2017.

WHEREFORE, Plaintiff respectfully requests the Court examine the evidence provided by Plaintiff which fully supports her claim and deny Trans Union's Motion to Dismiss. Should the Court find that Plaintiff has failed to state a claim upon which relief can be granted Plaintiff requests the Court grant leave for her to file an amended complaint to cure any deficiencies.

Respectfully Submitted,

Teri Lynn Hinkle
19 Mossy Creek Trail
Murphy, North Carolina 28906
828-494-2007
queensongbird@gmail.com

Plaintiff's Sur-Reply in Support of her Opposition Page **2** of **2**

Case 1:18-cv-00007-MR-DLH   Document 25-1   Filed 03/07/18   Page 2 of 2