IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18 cv 7

| | |
|---|---|
| **TERI LYNN HINKLE,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **EXPERIAN INFORMATIONS** ) <br> **SOLUTIONS, INC., et al.,** ) <br> ) <br> **Defendants.** ) <br> _____ ) | **ORDER** |

Pending before the Court is Plaintiff's Motion to Strike [# 15]. On January 8, 2018, pro se Plaintiff filed her Complaint [# 1]. On February 12, 2018, Defendant Experian Information Solutions, Inc., filed its Answer [# 5]. Defendant's Answer raised five affirmative defenses [# 5]. On February 20, 2018, Plaintiff filed her Motion to Strike [# 15]. On March 6, 2018, Defendant filed its Response to Plaintiff's Motion to Strike [# 20]. Plaintiff asks the Court to strike Defendant's affirmative defenses because they are insufficient "as they fail to state legal or factual defenses" [# 15, p. 1]. For the reasons below, the Court will deny the motion.

**Background**. In the Complaint, Plaintiff alleges three violations of the Fair Credit Reporting Act [# 1, pp. 6–7]. Defendant's Answer contains the following affirmative defenses: (1) Plaintiff failed to state a claim for which relief can be granted; (2) Plaintiff failed to mitigate her alleged damages; (3) comparative and contributory negligence; (4) estoppel; (5) the doctrine of unclean hands [# 5, pp. 10–11].

**Legal Standards.** Under Fed. R. Civ. P. 12(f), the "Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" either sua

sponte or upon motion. Simaan, Inc. v. BP Products North American, Inc., 395 F. Supp. 2d 271, 278 (M.D.N.C. 2005). In a motion to strike, the burden is high and rests with the movant. Clark v. Milam, 152 F.R.D. 66, 70 (S.D.W. Va. 1993). In evaluating a motion to strike defenses, a Court must determine whether the challenged allegations are "so unrelated to plaintiffs claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." Francisco v. Verizon South, Inc., No. 3:09-CV-737, 2010 WL 2990159, at *5 (E.D. Va. July 29, 2010) (quoting 5C FED. PRAC. & PROC. CIV. § 1380 (3d. ed.)).

A defendant is only required to "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b). "The Federal Rules of Civil Procedure only require that an affirmative defense be definite enough to put the plaintiff on fair notice of its nature." Ferguson v. Guyan Machinery Co., No. 93-2593, 1995 WL 20793, at *5 (Jan. 20, 1995) (citing Fed. R. Civ. P. 8(c)); *see also* Clem v. Corbeau, 98 Fed. App'x. 197, 203 (4th Cir. 2004).

**Discussion.** The Court will assess each of Plaintiff's arguments in turn.

Failure to state a claim for which relief can be granted. Understandably, Plaintiff confuses the practice of preserving this defense and an actual motion to dismiss. *See* LCvR 7.1(c)(1).[1] Defendant raised this defense in its Answer to preserve the issue and put Plaintiff on notice that Defendant intends to file a motion to dismiss at a later date. Thus, Plaintiff is not deprived of Due Process. Further, the practice is neither unfair nor prejudicial. The Court will not strike Defendant's first defense.

---

1 Under Local Civil Rule 7.1(c)(1):

> Motions to dismiss in answers to complaints . . . are deemed to be made merely to preserve the issue and will not be addressed by the Court. A party seeking a decision on any preserved motion must file a separate motion and supporting brief.

<u>Failure to mitigate damages.</u> Plaintiff's claims are brought pursuant to 15 U.S.C. § 1681n. Section 1681n states in part:

**(a) In general**

Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of—

**(1)(A)** <u>any actual damages sustained by the consumer</u> as a result of the failure <u>or</u> damages of not less than $100 and not more than $1,000 . . .

15 U.S.C. § 1681n (emphasis added).

Plaintiff argues that the defense of failure to mitigate is not applicable because it is "not a defense to an award of statutory damages." [# 15, p. 3]. The text of the statute, however, clearly states that the remedy may include actual damages. For this reason, the Court will not strike Defendant's second defense.

<u>Comparative fault and contributory negligence.</u> The Court reiterates that the standard regarding a motion to strike a defense is whether Defendant gave Plaintiff fair notice of the defense. The Court finds that this defense is properly pled and gives Plaintiff fair notice. Accordingly, the Court will not strike Defendant's third defense.

<u>Estoppel.</u> The Court finds that Defendant's estoppel defense is properly pled and gives Plaintiff fair notice. Further, the defense does not appear to be 'irrelevant' or 'frivolous.' The Court will not strike Defendant's fourth defense.

<u>The doctrine of unclean hands.</u> It is unclear to the Court if pro se Plaintiff seeks equitable relief [# 1, ¶¶ 22–28]. Equitable relief includes asking the Court to require someone to do something or prohibit someone from doing something (e.g., requiring a party to produce information and documents). While Plaintiff states in her motion to strike that she is not seeking equitable relief, the Court will liberally construe Plaintiff's Complaint to include a possible claim

equitable relief. Thus, the Court will allow Defendant's defense as to any claim of equitable relief Plaintiff might have asserted.

## ORDER

For the reasons stated, the Court **DENIES** the motion to strike [# 15].

Signed: March 27, 2018

Dennis L. Howell
United States Magistrate Judge