IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

Civil No. 1:18-CV-00007-MR-DLH

| | |
|---|---|
| TERI LYNN HINKLE,<br><br>    Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, and EQUIFAX, INC.,<br><br>    Defendants. | **DEFENDANT TRANS UNION LLC'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** |

COMES NOW Defendant Trans Union LLC ("Trans Union") and files this Response to Plaintiff's Motion for Leave to File Amended Complaint and would respectfully show the Court as follows:

**PROCEDURAL BACKROUND**

On January 8, 2018, Plaintiff Teri Lynn Hinkle ("Plaintiff) filed her original Complaint alleging violations of the Fair Credit Reporting Act ("FCRA"). (D.E. # 1). Trans Union filed a Motion to Dismiss. (D.E. # 12). On March 16, 2018, Plaintiff sought leave of Court to amend her original Complaint. (D.E. # 27). Trans Union opposes the request. Plaintiff failed to allege sufficient facts to support any cause of action against Trans Union under the FCRA in either her Original Complaint or her First Amended Complaint.

Along with Plaintiff's Motion, Plaintiff attached her proposed First Amended Complaint, which concedes that Plaintiff never satisfied the condition precedent of providing proof of address and that Trans Union timely responded to Plaintiff's requests for her full consumer file disclosure by asking for her to provide proof of address. Given the agreed facts, amendment is futile. Therefore, Plaintiff's Motion for Leave to File First Amended Complaint should be denied.

1

# ARGUMENT

## I. Plaintiff's Motion to Amend Should be Denied Because Plaintiff's Proposed Amended Complaint is Futile

Futility is one of several factors enumerated by the Supreme Court which if found support denial of a motion to amend. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). "[A] district court may deny leave if amending the complaint would be futile — that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules." *Bolden v. McCabe, Weisberg & Conway, LLC,* Civil Action No. DKC 13-1265, 2014 U.S. Dist. LEXIS 32453, at *3-4 (D. Md. Mar. 13, 2014) (quoting *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.,* 525 F.3d 370, 376 (4th Cir. 2008)).

Said another way, courts will deny a motion to amend where the "proposed amended complaint [merely] recites elements of potential causes of action and does not show how Defendant's actions amount to violations of the respective statutes." *Bolden,* Civil Action No. DKC 13-1265, 2014 U.S. Dist. LEXIS 32453, at *5 (citing *Qihui Huang v. Culberston*, Civil Action No. 10-cv-00944, 2011 U.S. Dist. LEXIS 157003 *1 (D. Md. Jan. 25, 2011)). Plaintiff simply repeats the same conclusory allegations. Plaintiff's proposed Amended Complaint, like her original Complaint, fails to state a claim against Trans Union upon which relief can be granted because no facts are articulated to support such claim. As such, granting Plaintiff leave to amend her complaint is a futile gesture that will only result in Trans Union incurring additional attorney's fees in its attempt to seek clarification and disposal of Plaintiff's conclusory allegations. Plaintiff continues to fail to provide any facts to substantiate her conclusory and generalized allegations that Trans Union violated the FCRA.

Plaintiff's proposed Amended Complaint does not correct Plaintiff's failure to state a claim upon which relief can be granted, does not provide any facts sufficient to support her claim against Trans Union nor put Trans Union on notice as to the basis of the claims asserted against it.

2

Therefore, Plaintiff's Motion to Amend should be denied, Trans Union's Motion to Dismiss under Rule 12(b)(6) should be granted, and Plaintiff's Complaint should be dismissed with prejudice.

WHEREFORE, for the foregoing reasons, and for reasons set forth in its previous pleadings, Trans Union respectfully requests that Plaintiff's Motion for Leave to File Amended Complaint be denied.

Respectfully submitted,

This the 29th day of March, 2018.

YOUNG MOORE AND HENDERSON, P.A.

BY: /s/ Kelly S. Brown
Kelly S. Brown
N.C. State Bar No. 37829
*Local Civil Rule 83.1 Counsel for*
*Defendant Trans Union LLC*
P.O. Box 31627
Raleigh, NC 27622
Telephone: (919) 782-6860
Facsimile: (919) 782-6753
Email: kelly.brown@youngmoorelaw.com

# CERTIFICATE OF SERVICE

This is to certify that on March 29, 2018, a true and correct copy of the above and foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

| | |
|---|---|
| Autumn Hamit Patterson<br>ahpatterson@jonesday.com<br>Jones Day<br>2727 North Harwood Street<br>Dallas, TX 75201<br>(214) 969-2066<br>(214) 969-5100 Fax<br>and<br>Ashley Kamphaus Brathwaite<br>ashley.brathwaite@elliswinters.com<br>Ellis & Winters LLP<br>P.O. Box 33550<br>Raleigh, NC 27636<br>(919) 865-7000<br>(919) 865-7010 Fax<br>*Counsel for Experian Information Solutions, Inc.* | Teri Lynn Hinkle<br>queensongbird@gmail.com<br>190 Mossy Creek Trail<br>Murphy, NC 28906<br>(828) 494-2007<br>*Pro Se Plaintiff* |

                                          YOUNG MOORE AND HENDERSON, P.A.

BY:   /s/ Kelly S. Brown
         Kelly S. Brown
         N.C. State Bar No. 37829
         *Local Civil Rule 83.1 Counsel for*
         *Defendant Trans Union LLC*
         P.O. Box 31627
         Raleigh, NC 27622
         Telephone: (919) 782-6860
         Facsimile: (919) 782-6753
         Email: kelly.brown@youngmoorelaw.com