IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Civil No. 1:18-CV-00007-MR-DLH

| | |
|---|---|
| TERI LYNN HINKLE,<br><br>    Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, and EQUIFAX, INC.,<br><br>    Defendants. | **DEFENDANT TRANS UNION LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT** |

COMES NOW, Trans Union LLC ("Trans Union"), one of the Defendants herein, and files its Answer and Defenses to Plaintiff's Amended Complaint ("Complaint") filed by Teri Lynn Hinkle ("Plaintiff"). The paragraph numbers below correspond to the paragraph numbers contained in the Plaintiff's Complaint to the extent possible.

## JURISDICTION

1. Trans Union admits that pursuant to 28 U.S.C. § 1331, jurisdiction is appropriate in Federal Court, and that the district court has the authority to grant relief pursuant to 15 U.S.C. § 1681p.

2. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and, therefore, denies same.

## PARTIES

3. Trans Union admits that Plaintiff is a "natural person." Trans Union is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations

1

contained in paragraph 3 of the Complaint and, therefore, denies same.

4. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and, therefore, denies same.

5. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint and, therefore, denies same.

6. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint and, therefore, denies same.

7. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint and, therefore, denies same.

8. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and, therefore, denies same.

9. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and, therefore, denies same.

10. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and, therefore, denies same.

11. Trans Union is without information or knowledge sufficient to form a belief as to

the truth of the allegations contained in paragraph 11 of the Complaint and, therefore, denies same.

12. The provisions of the Fair Credit Reporting Act ("FCRA") are self-evident and speak for themselves. Trans Union is not required to admit or deny the allegations contained in paragraph 12 of the Complaint.

13. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and, therefore, denies same.

14. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint and, therefore, denies same.

15. Trans Union admits that it is a limited liability company organized under the laws of the State of Delaware with its principal place of business located in Chicago, Illinois. Trans Union admits that it is a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a(f). Trans Union also admits that it assembles consumer credit information for the purpose of furnishing consumer reports to third parties. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15 of the Complaint and, therefore, denies same.

## **VENUE**

16. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint and, therefore, denies same.

17. Trans Union, solely based on the allegations contained in the Complaint, admits

that venue is appropriate in this Court.

## GENERAL ALLEGATIONS

18. Trans Union admits it received correspondence from Plaintiff requesting her consumer disclosure. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 18 of the Complaint and, therefore, denies same. As to the other Defendants, Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint and, therefore, denies same.

19. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint, or the authenticity of Exhibit 1, and, therefore, denies same.

20. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint, or the authenticity of Exhibit 3, and, therefore, denies same.

21. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint, or the authenticity of Exhibit 1, and, therefore, denies same.

22. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint, or the authenticity of Exhibit 4, and, therefore, denies same.

23. Trans Union admits that on September 29, 2017, it received correspondence from Plaintiff requesting her consumer disclosure.

24. Trans Union admits that on October 5, 2017, it sent Plaintiff a letter requesting

4

Case 1:18-cv-00007-MR-DLH   Document 41   Filed 04/20/18   Page 4 of 14

proof of her current mailing address.

25. Trans Union admits that Plaintiff cited certain sections of the FCRA in her correspondence to Trans Union. As to the other Defendants, Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint, or the authenticity of Exhibit 1, and, therefore, denies same.

26. Trans Union admits that Plaintiff included illegible copies of what purported to be her social security card and driver's license in her correspondence to Trans Union. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 26 of the Complaint and, therefore, denies same. As to the other Defendants, Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint, and, therefore, denies same.

27. Trans Union admits that on October 17, 2017, it received correspondence from Plaintiff, dated October 14, 2017, requesting a copy of her consumer disclosure. Trans Union also admits that Plaintiff included, once again, an illegible copy of what purported to be her social security card and driver's license, as well as a Dish Network utility bill in her correspondence to Trans Union. As to the other Defendants, Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint, or the authenticity of Exhibit 2, and, therefore, denies same.

28. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint, or the authenticity of Exhibit 6, and, therefore, denies same.

29. Trans Union admits that a legible copy of Plaintiff's purported Dish Network

utility bill was sent to Trans Union. Trans Union denies the remainder.

30. Trans Union denies the allegations contained in paragraph 30 of the Complaint. As to the other Defendant, Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint and, therefore, denies same.

31. Trans Union admits that Plaintiff's correspondence to Trans Union stated that she was requesting a "full consumer file disclosure." As to the other Defendants, Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint and, therefore, denies same.

32. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint and, therefore, denies same.

33. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint and, therefore, denies same.

34. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint and, therefore, denies same.

35. Trans Union admits that on October 18, 2017, it sent Plaintiff a letter requesting proof of her current mailing address. Trans Union admits that Plaintiff included illegible copies of what purported to be her social security card and driver's license, as well as a legible copy of a Dish Network bill in her correspondence to Trans Union. Trans Union denies the remaining allegations contained in paragraph 35 of the Complaint.

36. Trans Union denies the allegations contained in paragraph 36 of the Complaint. As to the other Defendants, Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint and, therefore, denies same.

37. Trans Union admits the allegations contained in paragraph 37 of the Complaint. As to the other Defendants, Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint and, therefore, denies same.

38. Trans Union denies the allegations contained in paragraph 38 of the Complaint. As to the other Defendants, Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint and, therefore, denies same.

39. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint and, therefore, denies same.

40. Trans Union admits that Plaintiff's correspondence to Trans Union stated that she was requesting a "full consumer file disclosure." As to the other Defendants, Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint and, therefore, denies same.

41. Trans Union denies the allegations contained in paragraph 41 of the Complaint. As to the other Defendants, Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint and, therefore, denies same.

42. Trans Union denies the allegations contained in paragraph 42 of the Complaint. As to the other Defendants, Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint and, therefore, denies same.

43. Trans Union denies the allegations contained in paragraph 43 of the Complaint. As to the other Defendants, Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint and, therefore, denies same.

44. Trans Union denies the allegations contained in paragraph 44 of the Complaint. As to the other Defendants, Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint and, therefore, denies same.

45. Trans Union admits that Plaintiff's correspondence to Trans Union stated that she was requesting a "full consumer file disclosure." Trans Union denies the remaining allegations contained in paragraph 45 of the Complaint. As to the other Defendants, Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint, or the authenticity of Exhibits 1 and 2, and, therefore, denies same.

46. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint and, therefore, denies same.

47. Trans Union admits that Plaintiff's correspondence to Trans Union stated that she was requesting a "full consumer file disclosure." As to the other Defendants, Trans Union is

without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint, and, therefore, denies same.

48. Trans Union denies the allegations contained in paragraph 48 of the Complaint. As to the other Defendants, Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint, and, therefore, denies same.

49. Trans Union denies the allegations contained in paragraph 49 of the Complaint. As to the other Defendants, Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint, and, therefore, denies same.

50. Trans Union denies the allegations contained in paragraph 50 of the Complaint. As to the other Defendants, Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint, and, therefore, denies same.

51. Trans Union admits that Plaintiff's correspondence to Trans Union stated that she was requesting a "full consumer file disclosure." Trans Union denies the remaining allegations contained in paragraph 51 of the Complaint. As to the other Defendants, Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint, and, therefore, denies same.

52. Trans Union denies the allegations contained in paragraph 52 of the Complaint as they relate to Trans Union. As to the other Defendants, Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint, and, therefore, denies same.

9

Case 1:18-cv-00007-MR-DLH   Document 41   Filed 04/20/18   Page 9 of 14

53. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Complaint, and, therefore, denies same.

## COUNT I
### VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, WILLFUL NON-COMPLIANCE BY DEFENDNAT EXPERIAN INFORMATION SOLUTIONS INC.

54. Trans Union restates and incorporates its responses to paragraphs 1–53 above as though fully stated herein.

55. Trans Union admits that Plaintiff is a consumer as defined in 15 U.S.C. § 1681 a(c).

56. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Complaint and, therefore, denies same.

57. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Complaint and, therefore, denies same.

Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in the prayer paragraph for Count I of the Complaint and, therefore, denies same.

## COUNT II
### VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, WILLFUL NON-COMPLIANCE BY DEFENDNAT TRANS UNION LLC

58. Trans Union restates and incorporates its responses to paragraphs 1–57 above as though fully stated herein.

59. Trans Union admits that Plaintiff is a consumer as defined in 15 U.S.C. § 1681

a(c).

60. Trans Union admits that it is a "consumer reporting agency" as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681a(f).

61. Trans Union denies the allegations contained in paragraph 61 of the Complaint.

Trans Union denies the damages and relief sought in the prayer paragraph for Count II of the Complaint.

## COUNT III
## VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, WILLFUL NON-COMPLIANCE BY DEFENDNATS EQUIFAX, INC. AND EQUIFAX INFORMATION SERVICES, LLC

62. Trans Union restates and incorporates its responses to paragraphs 1–61 above as though fully stated herein.

63. Trans Union admits that Plaintiff is a consumer as defined in 15 U.S.C. § 1681 a(c).

64. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Complaint and, therefore, denies same.

65. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Complaint and, therefore, denies same.

Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in the prayer paragraph for Count III of the Complaint and, therefore, denies same.

## DENMAND FOR TRIAL BY JURY

Trans Union admits that Plaintiff requests a trial by jury.

## **DEFENSES**

66. Plaintiff has failed to state a claim against Trans Union upon which relief can be granted.

67. At all relevant times, Trans Union maintained and followed reasonable procedures to avoid violations of the FCRA.

68. Trans Union alleges that any alleged damages to Plaintiff, which Trans Union continues to deny, are the result of the acts or omissions of Plaintiff or others, over whom Trans Union has no control and for whom Trans Union has no responsibility.

69. Trans Union at all times acted in compliance with the FCRA.

70. Trans Union has not not acted with negligence, malice, actual malice, or willful intent to injure.

71. Plaintiff lacks standing to assert the claims alleged in this action against Trans Union.

Defendant Trans Union LLC, respectfully requests that this Honorable Court deny the relief requested in Plaintiff's Complaint, dismiss the action in its entirety, grant Trans Union its costs of suit and expenses incurred herein, including reasonable attorneys' fees, and for such other and further relief as the court deems just.

DATED: April 20, 2018.

                               YOUNG MOORE AND HENDERSON P.A.

                               BY:   /s/ Robert C. deRosset
                                          ROBERT C. deROSSET
                                          N.C. State Bar # 27656
                                          *Counsel for Trans Union LLC*
                                          3101 Glenwood Avenue, Suite 200
                                          Post Office Box 31627
                                          Raleigh, NC  27622
                                          Ph:  919-782-6860
                                          Fax:  919-782-6753
                                          Email:  bob.derosset@youngmoorelaw.com

# CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the following counsel and CM/ECF participants:

Autumn Hamit Patterson, Esq.
Jones Day
2727 North Harwood Street
Dallas, TX 75201
Email: ahpatterson@jonesday.com

and

Ashley Kamphaus Brathwaite, Esq.
Ellis & Winters LLP
P.O. Box 33550
Raleigh, NC 27636
Email: ashley.brathwaite@elliswinters.com
*Counsel for Experian Information Solutions, Inc.*

Bradley Jason Lingo, Esq.
King & Spalding LLP
300 South Tryon Street
Suite 1700
Charlotte, NC 28202
Email: blingo@kslaw.com
*Counsel for Equifax, Inc.*

I certify that I mailed by United States Postal Service and emailed the document to the following non-CM/ECF participants:

Teri Lynn Hinkle
190 Mossy Creek Trail
Murphy, NC 28906
Email: queensongbird@gmail.com
Pro Se Plaintiff

DATED: April 20, 2018.

YOUNG MOORE AND HENDERSON P.A.

BY:   /s/ Robert C. deRosset
ROBERT C. deROSSET
N.C. State Bar # 27656
*Counsel for Trans Union LLC*
3101 Glenwood Avenue, Suite 200
Post Office Box 31627
Raleigh, NC 27622
Ph: 919-782-6860
Fax: 919-782-6753
Email: bob.derosset@youngmoorelaw.com