# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

| | |
|---|---|
| Teri Lynn Hinkle, § § Plaintiff, § § v. § § Experian Information Solutions, Inc.; § TransUnion LLC; Equifax, Inc., § § Defendants. § § | Case No. 1:18-CV-00007 |

## DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

NOW COMES Defendant Experian Information Solutions, Inc. ("Experian"), by and through its undersigned counsel, and answers Plaintiff Teri Lynn Hinkle's First Amended Complaint for Violations of the FCRA (the "Amended Complaint") as follows:

Experian denies, generally and specifically, any and all allegations in the Amended Complaint not specifically admitted in the paragraphs below. Experian's investigation of the present matter is ongoing. Accordingly, Experian reserves the right to amend this answer.

In response to the numbered paragraphs in the Amended Complaint, Experian states as follows:

### JURISDICTION[1]

1. In response to paragraph 1 of the Amended Complaint, Experian admits that Plaintiff has alleged jurisdiction based on 15 U.S.C. § 1681p and 28 U.S.C. § 1331. Experian states that this is a legal conclusion which is not subject to denial or admission.

---

[1] For ease of reference, Experian incorporated into its answer the primary headings used by Plaintiff in the Amended Complaint, although Experian does not adopt, either expressly or by implication, any statements contained in those headings. Experian has also numbered its paragraphs to mirror the numbering in the Amended Complaint to facilitate review.

2. In response to paragraph 2 of the Amended Complaint, Experian states that this is a legal conclusion which is not subject to denial or admission. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Amended Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## PARTIES

3. In response to paragraph 3 of the Amended Complaint, Experian admits the Plaintiff is Teri Lynn Hinkle. As to the remaining allegations, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 3 of the Amended Complaint.

4. In response to paragraph 4 of the Amended Complaint, Experian admits that it, as a separate and distinct legal entity, is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) with a corporate office at 475 Anton Blvd., Costa Mesta, CA 92626. In response to the remaining allegations in paragraph 4 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein on the grounds that it does not understand the allegations as pled.

5. In response to paragraph 5 of the Amended Complaint, Experian admits that it issues consumer reports as defined by 15 U.S.C. § 1681a(d). Experian denies, generally and specifically, that the ConsumerView marketing database is its database and that the Financial and Wealth Audiences is its product. As to the remaining allegations in paragraph 5 of the Amended Complaint, including those allegations regarding Experian's subsidiaries and partners, Experian is at this time without knowledge or information sufficient to form a belief as to the truth of the

- 2 -
Case 1:18-cv-00007-MR-DLH   Document 42   Filed 04/20/18   Page 2 of 19

allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

6. In response to paragraph 6 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

7. In response to paragraph 7 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

8. In response to paragraph 8 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

9. In response to paragraph 9 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

10. In response to paragraph 10 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

11. In response to paragraph 11 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

12. In response to paragraph 12 of the Amended Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the federal Fair Credit Reporting Act. Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of paragraph 12 inconsistent therewith.

13. In response to paragraph 13 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

14. In response to paragraph 14 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

15. In response to paragraph 15 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## VENUE

16. In response to paragraph 16 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained

therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

17. In response to paragraph 17 of the Amended Complaint, Experian admits that Plaintiff has alleged venue in the Western District of North Carolina is proper. Experian states that this is a legal conclusion which is not subject to denial or admission.

## GENERAL ALLEGATIONS

18. In response to paragraph 18 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

19. In response to paragraph 19 of the Amended Complaint, Experian admits that a portion of Exhibit 1 appears to be a redacted copy of the letter that Plaintiff sent to Experian in September 2017. Except as expressly admitted or otherwise addressed, Experian denies the remaining allegations in paragraph 19 of the Amended Complaint.

20. In response to paragraph 20 of the Amended Complaint, Experian denies that its response to Plaintiff's September request was not responsive. Experian admits that Exhibit 3 appears to be a redacted copy of the communication that Experian sent to Plaintiff. Experian affirmatively states that the communication speaks for itself and, on that basis, denies any allegations of paragraph 20 inconsistent therewith. Except as expressly admitted or otherwise addressed, Experian denies the allegations in paragraph 20 of the Amended Complaint.

21. In response to paragraph 21 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

22. In response to paragraph 22 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

23. In response to paragraph 23 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

24. In response to paragraph 24 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

25. In response to paragraph 25 of the Amended Complaint, Experian admits that some allegations contained therein purport to describe what the Fair Credit Reporting Act requires. Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of paragraph 25 inconsistent therewith. Experian further admits that some allegations contained in paragraph 25 purport to characterize Exhibit 1. Experian affirmatively states that Exhibit 1 speaks for itself. As to the remaining allegations in paragraph 25 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation.

26. In response to paragraph 26 of the Amended Complaint, Experian admits that the September 2017 request was the first request for a consumer disclosure from plaintiff within 12

months.  Experian also admits that it received what appeared to be a copy of a driver's license and social security card.  Experian denies that those copies were legible.  As to the remaining allegations, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations contained therein and, on that basis, denies, generally and specifically, each and every remaining allegation.

27. In response to paragraph 27 of the Amended Complaint, Experian admits that a portion of Exhibit 2 appears to be a redacted copy of a letter that Plaintiff sent to Experian in October 2017.  Experian further admits that the October 2017 letter included a copy of the September 2017 letter and what appeared to be copies of a social security card and a driver's license.  Experian denies that those copies were legible.  Experian denies that plaintiff provided all of the documents and information requested by Experian.  Except as expressly admitted or otherwise addressed, Experian denies the allegations in paragraph 27 of the Amended Complaint.

28. In response to paragraph 28 of the Amended Complaint, Experian admits that Exhibit 6 appears to be a redacted copy of the document excerpt that Plaintiff sent to Experian. Except as expressly admitted or otherwise addressed, Experian denies the allegations in paragraph 28 of the Amended Complaint.

29. In response to paragraph 29 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

30. In response to paragraph 30 of the Amended Complaint, Experian denies that all copies of documents that Plaintiff sent were legible.  As to the remaining allegations, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations

contained therein and, on that basis, denies, generally and specifically, each and every remaining allegation.

31. In response to paragraph 31 of the Amended Complaint, Experian affirmatively states that Exhibit 1 speaks for itself. As to the remaining allegations, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations contained therein and, on that basis, denies, generally and specifically, each and every remaining allegation.

32. In response to paragraph 32 of the Amended Complaint, Experian denies that Plaintiff's October 2017 letter had sufficient proof of Plaintiff's address and identity. Experian states that some allegations in paragraph 32 of the Amended Complaint are legal conclusions, which are not subject to admission or denial. As to the remaining allegations, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations contained therein and, on that basis, denies, generally and specifically, each and every remaining allegation.

33. In response to paragraph 33 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

34. In response to paragraph 34 of the Amended Complaint, Experian avers that, in response to the September 2017 communication, it instructed Plaintiff to include the requested identification documents and to "[m]ake sure that each copy is legible and displays your name and current mailing address and the date of issue." As to the remaining allegations, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations

contained therein and, on that basis, denies, generally and specifically, each and every remaining allegation.

35. In response to paragraph 35 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

36. In response to paragraph 36 of the Amended Complaint, Experian states that this is a legal conclusion which is not subject to denial or admission. To the extent a response is required, Experian denies that all information it received was completely legible.

37. In response to paragraph 37 of the Amended Complaint, Experian denies that the only form of communication between Plaintiff and Experian was letters. As to the remaining allegations, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations contained therein and, on that basis, denies, generally and specifically, each and every remaining allegation.

38. In response to paragraph 38 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

39. In response to paragraph 39 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

40. In response to paragraph 40 of the Amended Complaint, Experian denies that Plaintiff never used the words "credit" or "report" in her communications with Experian. As to the remaining allegations in paragraph 40 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein on the grounds that it does not understand the allegations as pled.

41. In response to paragraph 41 of the Amended Complaint, Experian denies that it provides information to prospective creditors, insurers, or employers regarding Plaintiff that it does not also disclose in a consumer disclosure, with the exception of information in 15 U.S.C. § 1681g(a)(1)(B). Experian further denies it has substantial information relating to the Plaintiff that has not disclosed to the Plaintiff. As to the remaining allegations, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations contained therein and, on that basis, denies, generally and specifically, each and every remaining allegation.

42. In response to paragraph 42 of the Amended Complaint, Experian denies that it provides information to prospective creditors, insurers, or employers regarding Plaintiff that it does not also disclose in a consumer disclosure, with the exception of information in 15 U.S.C. § 1681g(a)(1)(B). As to the remaining allegations, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations contained therein and, on that basis, denies, generally and specifically, each and every remaining allegation.

43. In response to paragraph 43 of the Amended Complaint, Experian denies that it provides information to prospective creditors, insurers, or employers regarding Plaintiff that it does not also disclose in a consumer disclosure, with the exception of information in 15 U.S.C. § 1681g(a)(1)(B). Experian further denies that it has disclosed false or misleading information

- 10 -

Case 1:18-cv-00007-MR-DLH   Document 42   Filed 04/20/18   Page 10 of 19

regarding Plaintiff to prospective creditors, insurers, or employers. Experian admits that some allegations contained in paragraph 43 purport to describe what the Fair Credit Reporting Act requires. Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of paragraph 43 inconsistent therewith. As to the remaining allegations in paragraph 43, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 43 of the Amended Complaint.

44. In response to paragraph 44 of the Amended Complaint, Experian denies that it provides information to prospective creditors, insurers, or employers regarding Plaintiff that it does not also disclose in a consumer disclosure, with the exception of information in 15 U.S.C. § 1681g(a)(1)(B). Experian admits that some allegations contained in paragraph 44 purport to describe what the Fair Credit Reporting Act requires. Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of paragraph 44 inconsistent therewith. As to the remaining allegations in paragraph 44, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 44 of the Amended Complaint.

45. In response to paragraph 45 of the Amended Complaint, Experian denies that it violated the Fair Credit Reporting Act. Experian further denies that Plaintiff never used the words "credit" or "report" in her communications to Experian. As to the remaining allegations in paragraph 45, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 45 of the Amended Complaint.

46. In response to paragraph 46 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

47. In response to paragraph 47 of the Amended Complaint, Experian avers that Plaintiff's communications to Defendants in Exhibit 1 and Exhibit 2 speak for themselves. As the remaining allegations in paragraph 47 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

48. In response to paragraph 48 of the Amended Complaint, Experian denies that it has illegally concealed information from Plaintiff. Experian further denies that it provides information to prospective creditors, insurers, or employers regarding Plaintiff that it does not also disclose in a consumer disclosure, with the exception of information in 15 U.S.C. § 1681g(a)(1)(B). As to the remaining allegations in paragraph 48, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 48 of the Amended Complaint.

49. In response to paragraph 49 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

50. In response to paragraph 50 of the Amended Complaint, Experian admits that some allegations contained in paragraph 50 purport to describe what the Fair Credit Reporting Act requires. Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of paragraph 50 inconsistent therewith. As to the remaining allegations in paragraph 50, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 50 of the Amended Complaint.

51. In response to paragraph 51 of the Amended Complaint, Experian denies that it has violated the Fair Credit Reporting Act. As the remaining allegations in paragraph 51, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 51 of the Amended Complaint.

52. In response to paragraph 52 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

53. In response to paragraph 53 of the Amended Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian is at this time without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Amended Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## COUNT I

54. In response to paragraph 54 of the Amended Complaint, Experian incorporates its responses to the allegations contained in Paragraphs 1-53 as if fully set forth herein.

55. In response to paragraph 55 of the Amended Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Amended Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

56. In response to paragraph 56 of the Amended Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).

57. In response to paragraph 57 of the Amended Complaint, Experian denies that it violated the Fair Credit Reporting Act.

In response to the unnumbered paragraph following paragraph 57 of the Amended Complaint beginning "WHEREFORE," Experian denies, generally and specifically, that Plaintiff has suffered any damages or that she is entitled to judgment against Experian or to any relief whatsoever from Experian.

## COUNT II

58. In response to paragraph 58 of the Amended Complaint, Experian incorporates its responses to the allegations contained in Paragraphs 1-57 as if fully set forth herein.

59. In response to paragraph 59 of the Amended Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Amended Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

60. In response to paragraph 60 of the Amended Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Amended Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

61. In response to paragraph 61 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

In response to the unnumbered paragraph following paragraph 61 of the Amended Complaint beginning "WHEREFORE," Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## COUNT III

62. In response to paragraph 62 of the Amended Complaint, Experian incorporates its responses to the allegations contained in Paragraphs 1-61 as if fully set forth herein.

63. In response to paragraph 63 of the Amended Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Amended Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

64. In response to paragraph 64 of the Amended Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 64 of the Amended Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

65.    In response to paragraph 65 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

In response to the unnumbered paragraph following paragraph 65 of the Amended Complaint beginning "WHEREFORE," Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## DEMAND FOR TRIAL BY JURY

In response to the unnumbered paragraph on page 15 of the Amended Complaint, Experian admits that Plaintiff has demanded trial by jury on all issues triable.

To the extent not admitted herein, all material allegations of the Amended Complaint are denied.

## DEFENSES

In further response to the Amended Complaint, Experian hereby pleads the following defenses and affirmative defenses on information and belief. By asserting the defenses set forth below, Experian does not allege or admit that it has the burden of proof or the burden of persuasion with respect to any of these defenses. Experian reserves the right to amend its answer and assert additional defenses should investigation and discovery, which could not be completed before the deadline for filing this answer, indicate such defenses are warranted.

1.    The Amended Complaint and exhibits, and each cause of action thereof, fail to set forth facts sufficient to state a claim upon which relief may be granted against Experian and

- 16 -
Case 1:18-cv-00007-MR-DLH   Document 42   Filed 04/20/18   Page 16 of 19

further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian. The Amended Complaint's deficiencies include, but are not limited to, failing to plead willfulness and injury sufficiently.

2. Plaintiff's claims and any recovery based thereon are barred in whole or in part because Plaintiff suffered no injury. Accordingly, Plaintiff lacks standing under applicable federal law to bring these claims against Experian.

3. To the extent Plaintiff has suffered any damages, she failed to mitigate her damages and costs. Plaintiff did not send legible copies of her social security card and North Carolina driver's license with her request for a consumer disclosure. Nor did Plaintiff send a copy of another government issued identification card that was legible. Plaintiff also failed to provide information regarding past addresses.

4. The Amended Complaint, and each claim for relief therein that seeks equitable relief, are barred by the doctrine of unclean hands.

5. The Amended Complaint fails to allege facts sufficient to support a claim for attorneys' fees.

6. The Amended Complaint does not allege facts sufficient to rise to the level of conduct required to recover punitive damages, and thus any implicit request for punitive damages is improper.

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(A) That Plaintiff take nothing by virtue of the Amended Complaint herein and that this action be dismissed in its entirety;

(B) For costs of suit and attorneys' fees herein incurred; and

(C) For such other and further relief as the Court may deem just and proper.

Dated: April 20, 2018                                Respectfully submitted,

                                                                                       *s/ Ashley K. Brathwaite*
Ashley K. Brathwaite
N.C. Bar No. 33830
ELLIS & WINTERS LLP
P.O. Box 33550
Raleigh, NC 27636
Telephone:  (919) 865-7000
Facsimile:  (919) 865-7010
ashley.brathwaite@elliswinters.com

Autumn Hamit Patterson
*Admitted Pro Hac Vice*
Texas Bar No. 24092947
JONES DAY
2727 North Harwood Street
Dallas, TX 75201
Telephone: (214) 969-2966
Facsimile:  (214) 969-5100
ahpatterson@jonesday.com

*Counsel for Defendant*
*Experian Information Solutions, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2018, I electronically filed a true and correct copy of the foregoing with the Clerk of the District Court of the Western District of North Carolina by using the CM/ECF system, which will send notification to the parties and attorneys of record in the case who are registered CM/ECF users.

*s/ Ashley K. Brathwaite*
Ashley K. Brathwaite