UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
(Asheville)

| | | |
|---|---|---|
| TERI LYNN HINKLE, | ) | |
| | ) | Case No.: 1:18-cv-00007-MR-DLH |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS INC., et al. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS EQUIFAX INC.'S AND EQUIFAX INFORMATION SERVICES LLC'S BRIEF IN SUPPORT OF**
<u>**MOTION TO DISMISS FIRST AMENDED COMPLAINT**</u>

Bradley J. Lingo
North Carolina Bar No. 44018
KING & SPALDING LLP
100 North Tryon Street
Suite 3900
Charlotte, North Carolina 28202
Tel: (704) 503-2573
blingo@kslaw.com
LR 83.1 Counsel
*Counsel for Equifax Inc. and Equifax Information Services, LLC*

## TABLE OF CONTENTS

INTRODUCTION ..........................................................................................................................1

STANDARD OF REVIEW ..........................................................................................................1

ARGUMENT ................................................................................................................................3

I. Equifax Inc. Is Not a Consumer Reporting Agency. ........................................................3

II. Ms. Hinkle's FAC Fails to Plead Facts Sufficient to Support a Claim for Relief Pursuant to § 1681g. .........................................................................................................8

    A. "Consumer file" is defined as the information contained in a consumer's credit report and disclosure. ..............................................................................................9

    B. Ms. Hinkle admits she received a copy of her credit disclosure from Equifax. ..........10

    C. Ms. Hinkle provides no factual basis for her assertion that the "credit report" she received was not her "full consumer file disclosure." ...........................................11

CONCLUSION ...........................................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Sara Lee Corp.*,
 508 F.3d 181 (4th Cir. 2007) ...................................................................................................3

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009)..............................................................................................................2, 11

*Avanti Hearth Prod., LLC v. Janifast, Inc.*,
 No. 3:10-CV-00019-FDW, 2010 WL 3081371 (W.D.N.C. Aug. 6, 2010) .............................7

*Bell Atlantic Corp. v. Twombly*,
 550 U.S. 544, 127 S. Ct. 1955 (2007)..................................................................................2, 11

*Carrington v. HSBC Bank USA, N.A.*,
 No. 2:10CV208, 2011 WL 13234175 (E.D. Va. Feb. 2, 2011) ..............................................11

*Channing v. Equifax, Inc., .,*
 No. 5:11-CV-293-FL, 2013 WL 593942 (E.D.N.C. Feb. 15, 2013)..................................5, 6, 8

*Cozzarelli v. Inspire Pharmaceuticals Inc.*,
 549 F.3d 618 (4th Cir. 2008) ...................................................................................................3

*DeWitt Truck Brokers, Inc. v. W. Ray Flemming Fruit Co.*,
 540 F.2d 681 (4th Cir.1976) ....................................................................................................6

*Doe v. Salisbury Univ.*,
 123 F. Supp. 3d 748 (D. Md. 2015) .......................................................................................11

*Francis v. Giacomelli*,
 588 F.3d 186 (4th Cir. 2009) ................................................................................................1, 2

*Frihat v. Citimortgage, Inc.*,
 No. 07-CV-946, Doc. 60 (W.D. Mo. Dec. 1, 2009) .............................................................5, 8

*Greear v. Equifax, Inc.*,
 No. 13-11896, 2014 WL 1378777 (E.D. Mich. Apr. 8, 2014) .........................................4, 5, 8

*Harrison v. Westinghouse Savannah River Co.*,
 176 F.3d 776 (4th Cir. 1999) ...................................................................................................3

*Kinney Shoe Corp. v. Polan*,
 939 F.2d 209 (4th Cir.1991) ....................................................................................................6

*McDonald v. Equifax Inc.*,
 No. 3:15-CV-3212-B, 2017 WL 879224 (N.D. Tex. Mar. 6, 2017) ................................... 5, 8

*Moran v. The Screening Pros, LLC*,
 No. 12-57246, Dkt. 22 (9th Cir. October 12, 2013) ................................................................ 9

*Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*,
 591 F.3d 250 (4th Cir. 2009) ................................................................................................... 2

*Persson v. Equifax Inc.*,
 No. 7:02-CV-511, Doc. 80 (W.D. Va. Oct. 28, 2002 ............................................................ 5, 8

*Pettway v. Equifax Info. Servs., LLC*,
 No. CIV.A. 08-0618-KD-M, 2010 WL 653708 (S.D. Ala. Feb. 17, 2010) ............................ 10

*Ransom v. Equifax Inc.*,
 No. 09-80280-CIV, 2010 WL 1258084 (S.D. Fla. Mar. 30, 2010) ....................................... 5, 8

*Slice v. Choicedata Consumer Servs., Inc.*,
 No. 3:04-CV-428, 2005 WL 2030690 (E.D. Tenn. Aug. 23, 2005) ...................................... 5, 8

*Vitol, S.A. v. Primerose Shipping Co.*,
 708 F.3d 527 (4th Cir.2013) ................................................................................................. 6, 7

*Wantz v. Experian Info. Solutions*,
 386 F.3d 829 (7th Cir. 2004) .................................................................................................. 10

*Weiler v. Equifax Inc.*,
 No. 2:99-CV-936, Doc. 29 (W.D. Pa. Nov. 16, 2000) (Attached hereto as
 Exhibit 3) ............................................................................................................................. 5, 8

**Statutes**

Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x .......................................................... *passim*

15 U.S.C. § 1681a ........................................................................................................................ 3

15 U.S.C. § 1681g ............................................................................................................... *passim*

15 U.S.C. § 1681n ........................................................................................................................ 4

Consumer Financial Protection Act of 2010 ................................................................................. 9

**Other Authorities**

Federal Rule of Civil Procedure 8 ................................................................................................. 2

Federal Rule of Civil Procedure 9 ................................................................................................. 3

Federal Rule of Civil Procedure 12(b)(6) ................................................................................. *passim*

 "40 Years of Experience with the Fair Credit Reporting Act – An FTC Staff
    Report with Summary of Interpretations" ("40 Years Commentary")
    (available at https://www.ftc.gov/sites/default/files/documents/reports/40-
    years-experience-fair-credit-reporting-act-ftc-staff-report-summary-
    interpretations/110720fcrareport.pdf) ............................................................................ 9

Defendants Equifax Inc.'s and Equifax Information Services LLC ("EIS"), by counsel, file their Brief in Support of their Motion to Dismiss Plaintiff Teri Lynn Hinkle's First Amended Complaint ("FAC") for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), and ask the Court to dismiss this action with prejudice in its entirety. For the reasons stated below, the motion should be granted.

## INTRODUCTION

This is a case under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x. *Pro se* Plaintiff Teri Lynn Hinkle filed her Complaint for Violations of the FCRA against Experian Information Solutions, Inc., Trans Union, LLC, and Equifax, Inc. (Doc. 1). Ms. Hinkle subsequently filed her FAC and added EIS as a defendant. (Doc. 37).

Equifax Inc. moves this Court to dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(6) because it is not a consumer reporting agency ("CRA"); thus, it cannot be liable under the FCRA. EIS is a CRA, and it is the party that responded to Ms. Hinkle's two written requests.

Equifax Inc. and EIS also jointly move to dismiss the FAC because Ms. Hinkle fails to allege facts sufficient to support a claim for relief. She repeats the statutory language and offers merely speculative and conclusory allegations that she received a "credit report" when she requested a "full consumer file disclosure." Ms. Hinkle's allegations do not adequately state a claim and fail to provide Equifax Inc. and EIS with adequate notice of the basis of the claims asserted against it. Accordingly, Ms. Hinkle's FAC should be dismissed with prejudice.

## STANDARD OF REVIEW

The central issue for resolving a Rule 12(b)(6) motion is whether the claims state a plausible claim for relief. *See Francis v. Giacomelli*, 588 F.3d 186, 189 (4th Cir. 2009). In considering Defendant's motion, the Court accepts the allegations in the Complaint as true and

1

construes them in the light most favorable to Ms. Hinkle. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009); *Giacomelli*, 588 F.3d at 190–92. Although the Court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Consumeraffairs.com*, 591 F.3d at 255; *see also Giacomelli*, 588 F.3d at 189.

The claims need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Consumeraffairs.com*, 591 F.3d at 256. "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor will mere labels and legal conclusions suffice. *Id.* Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009).

The Complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Consumeraffairs.com*, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. *See also Consumeraffairs.com*, 591 F.3d at 255. The mere possibility that a defendant acted unlawfully is not sufficient for a claim to survive a motion to dismiss. *Consumeraffairs.com*, 591 F.3d at 256; *Giacomelli*, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claim from possible to plausible. *Twombly*, 550 U.S. at 570; *Consumeraffairs.com*, 591 F.3d at 256.

Where, a party's allegations sound in fraud, however, the allegations must also satisfy the heightened pleading standards of Rule 9. *Cozzarelli v. Inspire Pharmaceuticals Inc.*, 549 F.3d 618,

629 (4th Cir. 2008); *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 188 (4th Cir. 2007). Rule 9(b) provides that when "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Rule 9 applies not only to claims asserting common law fraud, but to all claims where the allegations have the substance of fraud. *Cozzarelli*, 549 F.3d at 629. A claim is subject to dismissal under Rule 12(b)(6) for failure to state a claim if it does not comply with Rule 9(b). *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 n.5 (4th Cir. 1999).

## ARGUMENT

### I.  Equifax Inc. Is Not a Consumer Reporting Agency.

A "consumer reporting agency" or "CRA" is defined by the FCRA, 15 U.S.C. § 1681a(f) as "any person which, for monetary fees … regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties."

The term "consumer report" is defined by 15 U.S.C. § 1681a(d) as:

> The term "consumer report" means any written, oral, or other communication of any information by a *consumer reporting agency* bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for (A) credit or insurance … . (Emphasis added.)

Therefore, in order to be held liable under the FCRA, a defendant must be a "consumer reporting agency" that prepared a "consumer report" concerning the plaintiff.

Ms. Hinkle alleges that Equifax Inc. violated § 1681g of the FCRA. (Doc. 37 ¶ 65). Specifically, Ms. Hinkle alleges she made two written requests to Equifax Inc. for her "full

3

consumer file disclosure." (*Id.* ¶¶ 21, 27). Both letters are addressed ambiguously to "Equifax" without further appellation. (*See* Exhibit 1, Doc. 37-1 at 3; Exhibit 2, Doc. 37-1 at 7). Ms. Hinkle further alleges that in response to each request, she received a letter and two documents titled "EQUIFAX-CREDIT FILE." (Doc. 37 ¶¶ 22, 33). The reply letter clearly states that it was sent by Equifax Information Services LLC. (Doc. 37-1 at 13). Ms. Hinkle did not attach a copy of the two credit files she received. If she had, they would have revealed that they were provided by EIS, not Equifax Inc. Ms. Hinkle seeks statutory damages of $1,000, attorney's fees and costs pursuant to § 1681n of the FCRA. (Doc. 37 ¶ 65). She does not allege or seek any actual damages. (*Id.*).

Because Equifax Inc. is not a consumer reporting agency federal courts consistently dismiss Equifax Inc. in FCRA lawsuits filed by consumers based on allegations similar to those made by Ms. Hinkle. Federal courts consistently have held that, based on the plain language of the FCRA, plaintiffs cannot maintain FCRA claims against Equifax Inc., and that Equifax Inc. may not be held liable under the FCRA for actions taken by its subsidiaries. *See e.g.*, *Greear v. Equifax, Inc.*, No. 13-11896, 2014 WL 1378777, at *1 (E.D. Mich. Apr. 8, 2014) (dismissing plaintiff's claims because "Defendant Equifax, Inc., is not a consumer reporting agency subject to the requirements of the FCRA.") Ms. Hinkle cannot, as a matter of law, state a claim against Equifax, Inc., under the FCRA. The District Court for the Eastern District of North Carolina stated as follows:

> [P]laintiff has simply sued the wrong party; . . . [Equifax Inc.,] which is incorporated and headquartered in Georgia, is a holding company with no source of income other than what it obtains from its ownership interests in subsidiaries and affiliates. It has not been in the business of assembling or evaluating consumer credit information since 1977. Thus, insofar as plaintiff has alleged a claim against defendant for violating the FCRA, summary judgment for defendant is appropriate where it is not a CRA and not subject to the requirements of the FCRA.

*Channing v. Equifax, Inc.*, No. 5:11-CV-293-FL, 2013 WL 593942, at * 2 (E.D.N.C. Feb. 15, 2013) (citations omitted.)

In *Slice v. Choicedata Consumer Servs., Inc.*, No. 3:04-CV-428, 2005 WL 2030690, at *3 (E.D. Tenn. Aug. 23, 2005), after considering the plain language of the FCRA and the undisputed Certification of Equifax Inc.'s employee, the court held that Equifax Inc. was not a "consumer reporting agency." 2005 WL 2030690, *3. The court explained that in order for a plaintiff to state a claim under the FCRA, a defendant must fall into one of three groups: (1) a consumer reporting agency; (2) a user of consumer reports; or (3) a furnisher of information to consumer reporting agencies. *Id*. The court dismissed Equifax Inc. holding that a violation of the provisions of the FCRA "necessarily must be committed by a "consumer reporting agency." *Id*. The Court also held that Equifax Inc. did not violate the FCRA because it is not a consumer reporting agency. *Id.*

The *Greear*, *Channing*, and *Slice* decisions are three in an unbroken line of decisions from district courts dismissing Equifax Inc. under circumstances similar to those presented here. *See Ransom v. Equifax Inc.*, No. 09-80280-CIV, 2010 WL 1258084, *3 (S.D. Fla. Mar. 30, 2010) (dismissing Equifax Inc. because "[b]ased on this record, the Court concludes, as a matter of law, that Equifax, Inc. has not violated the FCRA because it is not a consumer reporting agency and has not prepared a consumer report for [plaintiff]."); *Frihat v. Citimortgage, Inc.*, No. 07-CV-946, Doc. 60 at 4-5 (W.D. Mo. Dec. 1, 2009) (dismissing Equifax Inc. and citing cases for the proposition that "it [is] not a consumer reporting agency for purposes of the FCRA") (Attached hereto as Exhibit 1). *See also McDonald v. Equifax Inc.*, No. 3:15-CV-3212-B, 2017 WL 879224, at *9 (N.D. Tex. Mar. 6, 2017) (dismissing Equifax Inc.); *Persson v. Equifax Inc*., No. 7:02-CV-511, Doc. 80 (W.D. Va. Oct. 28, 2002) (same) (Attached hereto as Exhibit 2); *Weiler v. Equifax*

5

*Inc*., No. 2:99-CV-936, Doc. 29 at 2-4 (W.D. Pa. Nov. 16, 2000) (same) (Attached hereto as Exhibit 3).

Ms. Hinkle alleges with no support that Equifax Inc. and its subsidiaries, such as EIS and Equifax Consumer Services, LLC, "transfer communications from consumers, as well as consumer information and data based on consumer information and communications," (Doc. 37 ¶ 9), "Equifax Inc. entities such as EIS regularly share FCRA restricted information with sibling[s]," (*Id.* ¶ 13). Ms. Hinkle alleges that the Equifax entities have the same branding, labeling, and logo. (*Id.* ¶ 8, 10).

Ms. Hinkle concedes that Equifax Inc. is a parent holding company of EIS. (*Id.* ¶ 7). Thus, it appears that Ms. Hinkle is attempting to assert an argument that the corporate veil should be pierced. Such an argument should be rejected. "It is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries." *Channing*, 2013 WL 593942, at *3 (quoting *United States v.. Bestfoods,* 524 U.S. 51, 61 (1998) (quotations omitted)).

"[A] corporate entity is liable for the acts of a separate, related entity only under *extraordinary circumstances,* commonly referred to as 'piercing the corporate veil.' " *Vitol, S.A. v. Primerose Shipping Co.,* 708 F.3d 527, 544 (4th Cir. 2013) (emphasis added). "Piercing the corporate veil is an equitable remedy, and the burden rests with the party asserting such claim." *Kinney Shoe Corp. v. Polan,* 939 F.2d 209, 211 (4th Cir. 1991); *see Vitol,* 708 F.3d at 544 (addressing merits of "alter ego claim as pled" in complaint). "This power to pierce the corporate veil . . . is to be exercised reluctantly and cautiously." *DeWitt Truck Brokers, Inc. v. W. Ray Flemming Fruit Co.,* 540 F.2d 681, 683 (4th Cir.1976). "[I]n extraordinary cases, such as the

corporate form being used for wrongful purposes, courts will pierce the corporate veil and disregard the corporate entity." *Vitol,* 708 F.3d at 544.

Under North Carolina law, a defendant qualifies as an alter ego of another defendant when the plaintiff establishes the following three elements:

> (1) Control, not mere majority or complete stock control, but complete domination, not only of finances, but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time *no separate mind, will or existence of its own;* and (2) Such control must have been used by the defendant to commit fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty, or a dishonest and unjust act in contravention of plaintiff's legal rights; and (3) The aforesaid control and breach of duty must proximately cause the injury or unjust loss complained of.

*Avanti Hearth Prod., LLC v. Janifast, Inc.*, No. 3:10-CV-00019-FDW, 2010 WL 3081371, at *4–5 (W.D.N.C. Aug. 6, 2010) (citing *Anderson v. Dobson,* No. 1:06CV2, 2006 WL 1431667, at *6 (W.D.N.C. May 22, 2006)) (emphasis original) (citation omitted).

Ms. Hinkle has failed to allege that Equifax Inc. exercised complete domination over its subsidiaries so that they had no separate mind, will, or existence of their own. *See id.* Dismissal of the alter ego claim is warranted here because, in North Carolina, courts will not disregard the corporate entity absent a finding of intent to commit fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty, or a dishonest and unjust act in contravention of plaintiff's legal rights. *Id.* Without any other suggestions that the alter ego was incorporated for fraudulent purpose, the Court should dismiss the claim.

Ms. Hinkle's conclusory allegations are insufficient to sufficiently plead her alter ego claim as compared to the factors listed above that are considered under North Carolina law. *Id.* Ms. Hinkle cannot save her claims against Equifax Inc. by creating a theory having no basis in reality. Ms. Hinkle's allegations are not well-pled and therefore, should not be afforded any weight. Accordingly, the Court should dismiss Ms. Hinkle's claims against Equifax Inc.

Dismissal is warranted here just as it was in *Greear*, *Channing*, *Slice*, *Ransom*, *Frihat*, *McDonald, Persson*, and *Weiler*. The issues are virtually identical. Equifax Inc. is not a consumer reporting agency and, therefore, is not subject to the FCRA and cannot be held liable under the FCRA. There is no reason for this Court to deviate from this strong and unbroken line of authority.

**II.     Ms. Hinkle's FAC Fails to Plead Facts Sufficient to Support a Claim for Relief Pursuant to § 1681g.**

Ms. Hinkle's FAC is also subject to dismissal under Rule 12(b)(6) against both Equifax Inc. and EIS because it fails to state facts sufficient to support a claim for relief under the FCRA. Ms. Hinkle alleges that "Equifax and [EIS] repeatedly failed to comply with Plaintiff's multiple requests for a full consumer file disclosure pursuant to 15 U.S.C. § 1681g(a)(1)." (*See* Doc. 37 ¶ 65). Section 1681g(a)(1) of the FCRA states that, upon request, a consumer reporting agency shall disclose "[a]ll information in the consumer's file at the time of the request, except that – (A) if the consumer . . . requests that that the first five digits of the social security number [be truncated, the consumer reporting agency shall do so], and (B) nothing in this paragraph shall be construed to require a consumer reporting agency to disclose to a consumer any information concerning credit scores or any other risk scores or predictors relating to the consumer." 15 U.S.C. § 1681g(a)(1). To prevail on a claim based on § 1681g(a)(1), then, a plaintiff must adequately plead that the consumer reporting agency failed to provide the consumer with the consumer file. Here, Ms. Hinkle merely recites in conclusory fashion that she did not receive a full consumer file disclosure at the same time admitting Equifax[1] timely responded and produced a "credit report" in response to both of her requests. (*See* Doc. 37 ¶¶ 22, 33). Ms. Hinkle's averments are insufficient.

---

[1] As set forth in Argument section I, Equifax Inc. is not a CRA. EIS is a CRA, and it is the entity that responded to Ms. Hinkle's written requests.

### A. "Consumer file" is defined as the information contained in a consumer's credit report and disclosure.

The Federal Trade Commission ("FTC")[2] interpreted the term "file" in 1681g to be limited to material included in a consumer report that would be sent to a third party. *See supra* 40 Years Commentary, p. 71. "[A]ncillary records" such as "a CRA's audit trail of changes it makes in the consumer's file, billing records, or the contents of a consumer relations folder, are not included in the term 'information in the consumer's file.'" *Id.* The Seventh Circuit in *Gillespie v. Trans Union Corp.* held that "file" meant information contained in a consumer report produced by the CRA. *See* 482 F.3d 907, 908-10 (7th Cir. 2007). *Gillespie* cites the FTC's commentary on §1681g(a)(1) regarding the limited scope of the term "file": "[t]he term 'file' denotes all information on the consumer that is recorded and retained by a consumer reporting agency that might be furnished, or has been furnished, in a consumer report on that consumer." *Id.* at 909 (quoting 16 C.F.R. pt. 600, app. § 603). "Congress, it seems, chose to limit the right to contest information to material *actually contained in consumer reports*. And of course it was free to draw the line as it did." *Gillespie*, 482 F.3d at 910 (emphasis added). Ms. Hinkle alleges "Defendants have far more information relating to Plaintiff in their files and databases including archived information." (Doc. 37 ¶ 44). Ms. Hinkle offers no factual enhancements to support her speculative conclusory statement. Nonetheless, to

---

[2] The interpretation and enforcement of the FCRA transferred from the FTC to Consumer Financial Protection Bureau ("CFPB") after passage of the Consumer Financial Protection Act of 2010. In preparation for the transition, in July 2011, the FTC published "40 Years of Experience with the Fair Credit Reporting Act – An FTC Staff Report with Summary of Interpretations" ("40 Years Commentary") (available at https://www.ftc.gov/sites/default/files/documents/reports/40-years-experience-fair-credit-reporting-act-ftc-staff-report-summary-interpretations/110720fcrareport.pdf). The CFPB has not issued any contrary interpretation and has cited the 40 Years Commentary in amicus briefs on other topics. *See Moran v. The Screening Pros, LLC*, No. 12-57246, Dkt. 22 (9th Cir. October 12, 2013).

the extent such archived information exists, it is not part of the file to be produced under §1681g as interpreted by the FTC and courts.

### B. Ms. Hinkle admits she received a copy of her credit disclosure from Equifax.

Ms. Hinkle misunderstands how a "consumer report" is different from a consumer disclosure or credit file. *See Wantz v. Experian Info. Solutions*, 386 F.3d 829, 834 (7th Cir. 2004); *Pettway v. Equifax Info. Servs., LLC*, No. CIV.A. 08-0618-KD-M, 2010 WL 653708, at *7 (S.D. Ala. Feb. 17, 2010). "Consumer reports" are generated by a CRA and delivered to a third party for use in deciding whether the consumer is eligible for credit or for other purposes. *Pettway*, at *7 (citing 15§ 1681a(d)). In contrast, a "consumer disclosure" or "consumer file" is a CRA's file that is provided to the consumer, not to third parties, that contains information about the consumer recorded and retained by the CRA. *Id.* (citations omitted). In other words, there cannot be a consumer report without delivery to a third party.

Ms. Hinkle's sole allegation against Equifax Inc. and EIS is that she did not receive her "full consumer file disclosure" as requested. (*See* Doc. 37 ¶¶ 21-22, 27, 33). Ms. Hinkle states that she sent "Equifax" a request for her full consumer file disclosure, and in response received a copy of her "credit report." (*Id.*). She does not dispute that she received this document upon her request, as required by § 1681g. As defined by case law discussed above, a credit report goes to a third party. Because Ms. Hinkle, the consumer, was the recipient, what she received was exactly what she requested – a full consumer file disclosure.

Thus, by Ms. Hinkle's own admission, Equifax Inc. and EIS complied with § 1681g(a)(1) and relevant federal case precedent by providing her consumer disclosure to her. Accordingly, Ms. Hinkle has failed to allege sufficient facts to support a cause of action against Equifax Inc. and EIS under the FCRA, and the Court should grant this motion and dismiss her claim under Rule 12(b)(6).

10
Case 1:18-cv-00007-MR-DLH   Document 44   Filed 04/20/18   Page 15 of 18

### C. Ms. Hinkle provides no factual basis for her assertion that the "credit report" she received was not her "full consumer file disclosure."

Notably absent from Ms. Hinkle's FAC is any factual enhancement that specific information that should have been in the disclosure was missing. Instead, she offers speculative conclusions with no factual basis that information has been excluded from her consumer file. She acknowledges the speculative nature of her statements by stating that "one can only surmise." (*See* Doc. 37 ¶ 50). She assumes that such information includes the following categories:

- "additional information that is provided to prospective creditors, insurers or employers who request information on Plaintiff that she has never seen" (*id.* ¶ 41);

- "negative codes among other things that are provided to prospective creditors, insurers or employers" (*id.* ¶ 42); and

- "far more information relating to Plaintiff in [Defendants'] files and databases including archived information." *(id.* ¶ 44).

Specifically, she alleges "[u]pon information and belief" that these types of information are missing from her disclosure. (*Id.* ¶¶ 41, 42, and 44). Since the decision of *Twombly* and *Iqbal*, various district courts have stated that a plaintiff may plead facts "upon information and belief" in two circumstances: (1) where the facts are peculiarly within the possession and control of the defendant, or (2) where the belief is based on factual information that makes the inference of culpability plausible. *See, e.g.*, *Doe v. Salisbury Univ.*, 123 F. Supp. 3d 748, 768 (D. Md. 2015); *Carrington v. HSBC Bank USA, N.A.*, No. 2:10CV208, 2011 WL 13234175, at *4 (E.D. Va. Feb. 2, 2011). A plaintiff may not rely exclusively on conclusory allegations of unlawful conduct, even where alleged "upon information and belief." *Doe*, 123 F. Supp. 3d at 768.

Here, the FAC contains mere conclusory statements and provides no factual basis for the assertion that any specific information has been withheld from the document she admits receiving.

11
Case 1:18-cv-00007-MR-DLH   Document 44   Filed 04/20/18   Page 16 of 18

Ms. Hinkle's FAC should be dismissed because she has alleged no facts sufficient to support any recognizable cause of action under § 1681g.

## CONCLUSION

Defendants Equifax Inc. and EIS respectfully request that this Honorable Court dismiss Ms. Hinkle's FAC pursuant to Rule 12(b)(6) and for such other relief as the Court deems necessary.

Respectfully submitted this 20th day of April, 2018.

*/s/ Bradley J. Lingo*
Bradley J. Lingo
North Carolina Bar No. 44018
KING & SPALDING LLP
100 North Tryon Street, Suite 3900
Charlotte, North Carolina 28202
Tel: (704) 503-2573
Fax: (704) 503-2622
blingo@kslaw.com
LR 83.1 Counsel
*Attorneys for Defendant Equifax Inc. and Equifax Information Services LLC*

Of Counsel:
Kendall Carter
KING & SPALDING LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Tel: (404) 572-4600
Fax: (404) 572-5100
kcarter@kslaw.com

**CERTIFICATE OF SERVICE**

This is to certify that I have had this day electronically filed a true and correct copy of the foregoing DEFENDANTS EQUIFAX INC.'S AND EQUIFAX INFORMATION SERVICES LLC'S MOTION TO DISMISS FIRST AMENDED COMPLAINT with the Clerk of the Court using the CM/ECF system which will give notification to counsel of record:

Ashley Kamphaus Brathwaite
Ellis & Winters, LLP
Post Office Box 33550
Raleigh, NC 27636

Autumn Hamit Patterson
Jones Day
2727 North Harwood Street
Dallas, TX 75201

Nora Foster Sullivan
NC Department of Justice
PO Box 629
Raleigh, NC 27602

Kelly Street Brown
3101 Glenwood Avenue Suite 200
P.O. Box 31627
Raleigh, NC 27622

And also via U.S. Mail to:

Teri Lynn Hinkle
19 Mossy Creek Trail
Murphy, NC 28906
828-494-2007
Email: queensongbird@gmail.com

This 20th day of April, 2018.

                                            */s/ Bradley J. Lingo*
                                            Bradley J. Lingo
                                            North Carolina Bar No. 44018
                                            KING & SPALDING LLP
                                            100 North Tryon Street
                                            Suite 3900
                                            Charlotte, North Carolina 28202
                                            Tel: (704) 503-2573
                                            blingo@kslaw.com
                                            LR 83.1 Counsel
                                            *Attorneys for Defendant Equifax Inc. and Equifax Information Services LLC*