IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18 cv 7

| | |
|---|---|
| TERI LYNN HINKLE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> EXPERIAN INFORMATION SOLUTIONS ) <br> INC., et al., ) <br> ) <br> Defendants. ) <br> _____ ) | MEMORANDUM & <br> RECOMMENDATION |

Before the Court is the joint Motion to Dismiss [# 43] filed by Defendants Equifax, Inc. and Equifax Information Services, LLC. On January 8, 2018, pro se Plaintiff filed her Complaint. [# 1]. On April 2, 2018, the Court granted Plaintiff's Motion for Leave to Amend the Complaint. [# 34]. On April 6, 2018, Plaintiff filed her Amended Complaint. [# 37]. On April 20, 2018, Defendants filed their Motion to Dismiss. [# 43]. On May 2, 2018, Plaintiff filed her Response in Opposition. [# 46]. On May 9, 2018, Defendants filed their Reply to the Response. [# 48]. The District Court referred the Motion to Dismiss to this Court. Accordingly, Defendants' Motion is now before this Court for a Memorandum and Recommendation to the District Court. The Court will recommend the District Court deny Defendants' Motion to Dismiss. [# 43].

I. **Relevant Factual Background**

Plaintiff is a citizen of North Carolina and resides in Cherokee County. [Am. Compl. ¶ 3]. Equifax, Inc. is a corporate body that is a citizen of Georgia. [Id. at ¶ 6]. Equifax

Information Services, LLC (EIS) is a consumer reporting agency (CRA) and a subsidiary of Equifax, Inc. [Id. at ¶¶ 7, 9].

Plaintiff alleges Equifax, Inc. is also a CRA 'regulated' by the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. [Id. at ¶ 6]. In prior litigation, Equifax, Inc. has taken the position that it is not a CRA. [Id. at ¶ 7]. Plaintiff alleges Equifax, Inc. has held itself to be a CRA to "consumers, regulators and the public generally." [Id. at ¶ 8]. Plaintiff believes Defendants' consumer websites are "dominated by "Equifax, Inc." titling." [Am. Compl. ¶ 8].

Plaintiff further alleges that Equifax, Inc. and its subsidiaries (e.g., EIS and Equifax Consumer Services, LLC) operate as alter egos of each other "and freely transfer communications from consumers, as well as consumer information and data based on consumer information and communications, between the entities for commercial purposes without restriction." [Id. at ¶¶ 9, 14]. For example, Plaintiff states EIS and Equifax, Inc. use the same "Equifax" logo. [Id. at ¶ 10]. Thus, an unsophisticated consumer would not know one Equifax entity from another. [Id. at ¶ 10].

Plaintiff alleges EIS and other subsidiaries are dependents of Equifax, Inc. rather than separate legal entities. [Id. at ¶¶ 11, 14]. Plaintiff alleges management decisions at EIS are made by and through Equifax, Inc. [Id. at ¶ 11]. Plaintiff alleges that Equifax, Inc. and its subsidiaries hold themselves out as a single uniform business entity "exchanging and selling consumer information as well as data derived from consumer information and communications it holds in its consumer files." [Am. Compl. ¶ 11]. All of this has led Plaintiff to the allegation that Equifax, Inc. and all of its subsidiaries are a CRA. [Id. at ¶

2

14].

Upon reviewing 15 U.S.C. § 1681g(a)(1), Plaintiff decided she wanted a copy of her consumer file from three credit reporting agencies. [Id. at ¶ 18]. After reviewing annualcreditreport.com, Plaintiff determined that website only provided credit reports. [Id. ¶ 18]. Wishing for the 'file,' Plaintiff contacted each defendant in this action to obtain her consumer file. [Id. at ¶ 18]. Plaintiff sent a written request to "Equifax,"[1] and the request was received on September 14, 2017. [Id. at ¶ 21]. On September 21, 2017, Equifax mailed Plaintiff seeking payment and further identity documentation. [Am. Compl. ¶ 22]. Equifax required this in order to give Plaintiff her "Equifax credit file." [Id. at ¶ 22]. Several days later, Plaintiff received a document titled "EQUIFAX-CREDIT FILE." [Id. at ¶ 22]. The document stated that Plaintiff's request for her consumer file was being treated a dispute. [Id. at ¶ 22]. The document referenced Plaintiff's consumer report and not her consumer file. [Id. at ¶ 22]. Plaintiff avers she had not made a dispute previously with Equifax in the past four years. [Id. at ¶ 22].

Plaintiff made a second request to Equifax. [Am. Compl. ¶ 33]. Again, what Equifax provided Plaintiff was not the "full consumer file disclosure" she sought. [Id. at ¶ 33].

Plaintiff's interest in receiving her consumer file dates back to the hack of Equifax. [Id. at ¶¶ 38, 52]. After the hack, Plaintiff believed Equifax had more information about Plaintiff than she had ever received before from a credit report. [Id. at ¶¶ 38, 43–44]. Plaintiff admits she cannot know the full contents of her 'full consumer file disclosure.'

---

[1] From this point in the Amended Complaint, Plaintiff refers to Equifax, Inc. and all subsidies as simply "Equifax."

[Id. at ¶¶ 38, 48]. But, that information could only be obtained from the consumer file itself. [Id. at ¶ 38]. Plaintiff alleges she received a full consumer file from LexisNexis that included reports of information sourced from Equifax. [Am. Compl. ¶ 39]. This gives Plaintiff reason to believe Equifax is not providing her actual consumer file. [Id. at ¶¶ 39–42].

Simply stated, Plaintiff requested her consumer file from Equifax and Equifax did not comply with 15 U.S.C. § 1681g(a)(1). [Id. at ¶ 51]. Equifax, Inc. is an alter ego to EIS and is a CRA within the meaning of 15 U.S.C. § 1681a(f). [Id. at ¶ 64]. Plaintiff states all actions described in the Amended Complaint occurred within the last two years. [Id. at ¶ 53].

## II. Legal Standards

**Federal Rule of Civil Procedure 12(b)(6).** The central issue for resolving a Rule 12(b)(6) motion is whether the claims state a plausible claim for relief. *See* Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In considering a defendant's motion, the Court accepts the allegations in the complaint as true and construes them in the light most favorable to the plaintiff. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190–92. Although the Court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Consumeraffairs.com, 591 F.3d at 255; *see also* Giacomelli, 588 F.3d at 189.

The claims need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell

4

Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65 (2007); *see also* Consumeraffairs.com, 591 F.3d at 256. "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1965. Nor will mere labels and legal conclusions suffice. Id. Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

The complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; *see also* Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949. *See also* Consumeraffairs.com, 591 F.3d at 255. The mere possibility that a defendant acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claim from possible to plausible. Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; Consumeraffairs.com, 591 F.3d at 256.

**Pro se complaints.** "The Fourth Circuit requires district courts to construe pro se complaints liberally to ensure that valid claims do not fail for lack of legal specificity." Morrison v. Res. Mgmt. Concepts, Inc., 3:16-CV-651-GCM, 2017 WL 1095067, at *2 (W.D.N.C. Mar. 21, 2017) (citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978)). While required to construe pro se complaints liberally, the Court cannot ignore when a pro se plaintiff clearly fails to allege facts to support a valid claim under federal law. Weller v.

5

Dep't of Soc. Servs., 901 F.2d 387, 390–91 (4th Cir. 1990); *see* Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The Court will not conjure up facts and insert them into a plaintiff's complaint. Further, the Court is not required to "invoke causes of action that are neither articulated nor supported by factual allegations" in the complaint. Morrison, 2017 WL 1095067, at *2.

**III.   Analysis**

   A. **Plaintiff Has Stated a Claim for Which Relief Can be Granted**

   Title 15 U.S.C. § 1681g(a)(1) states as follows:

   **(a) Information on file; sources; report recipients**

   Every consumer reporting agency shall, upon request, and subject to section 1681h(a)(1) of this title, clearly and accurately disclose to the consumer:

   **(1)** All information in the consumer's file at the time of the request, except that—

   **(A)** if the consumer to whom the file relates requests that the first 5 digits of the social security number (or similar identification number) of the consumer not be included in the disclosure and the consumer reporting agency has received appropriate proof of the identity of the requester, the consumer reporting agency shall so truncate such number in such disclosure; and

   **(B)** nothing in this paragraph shall be construed to require a consumer reporting agency to disclose to a consumer any information concerning credit scores or any other risk scores or predictors relating to the consumer.

15 U.S.C. § 1681g(a)(1).

   The remedy for a violation of this statute is as follows:

6

> Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of—
>
> **(1)**
> **(A)** any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or
>
> **(B)** in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater;
>
> **(2)** such amount of punitive damages as the court may allow; and
>
> **(3)** in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

15 U.S.C. § 1681n(a).

After reviewing the Amended Complaint, the Court finds Plaintiff has sufficiently stated a claim for which relief can be granted. Further, Defendant's arguments would require this Court to make findings of fact, including the alleged CRA status of Equifax, Inc. and the definition of a consumer file. The Court finds this is not appropriate at this stage of the litigation.

The Court feels compelled to outline why it did not find Defendant's main argument meritorious. Regarding other cases involving the CRA status of Equifax, Inc., the 'exhaustive' authority Defendant cites are all summary judgment opinions, where the courts had the benefit of discovery and factfinding. *See e.g.*, McDonald v. Equifax Inc., No. 3:15-CV-3212-B, 2017 WL 879224 (N.D. Tex. Mar. 6, 2017) (summary judgment); Greear v. Equifax, Inc., No. 13-11896, 2014 WL 1378777 (E.D. Mich. Apr. 8, 2014)

7

(same); Channing v. Equifax, Inc., No. 5:11-CV-293-FL, 2013 WL 593942 (E.D.N.C. Feb. 15, 2013) (same); Ransom v. Equifax Inc., No. 09-80280-CIV, 2010 WL 1258084 (S.D. Fla. Mar. 30, 2010) (same); Slice v. Choicedata Consumers Servs., Inc., No. 3:04-CV-428, 2005 WL 2030690 (E.D. Tenn. Aug. 23, 2005) (same). Just as none of these cases were *dismissed*, the Court in this case has determined to recommend that this case proceed past Defendant's Motion to Dismiss. *See* Jones v. Equifax, Inc., No. 3:14-CV-678, 2015 WL 5092514, at *5 (E.D. Va. Aug. 27, 2015) ("However, such arguments [regarding what constitutes a consumer file], which require evidence not appropriate on a motion to dismiss, are more suitably determined on summary judgment or at trial.").

Defendant further appended unpublished memorandum and orders to its Memorandum in Support [# 44, Exs. 1–3]. *See* Frihat v. Citimortgage, Inc., No. 4:07-CV-946-HFS, slip op. (W.D. Mo. Dec. 1, 2009); Persson v. Equifax, Inc., No. 7:02-CV-511, slip op. (W.D. Va. Oct. 28, 2002); Weiler v. TransUnion, Inc., No. 2:99-CV-936-WLS, slip op. (W.D. Pa. Nov. 16, 2000). *Frihat* involved a pro se plaintiff who did not oppose or respond at all to Equifax Inc.'s motion to dismiss or in the alternative motion for summary judgment. That court ordered the plaintiff to show cause as to why relief for Equifax, Inc. should not be granted. Plaintiff failed to comply. Further, when one actually reads the *Frihat* court's analysis, Defendant's purported authority fails to be applicable because, again, that court analyzed whether Equifax, Inc. was a CRA under a summary judgment standard. And again, *Persson* and *Weiler* both involve courts making determinations at summary judgment. Thus, Defendant's purported authority fails to persuade the Court.

8

The Court notes that it has spent considerable time in evaluating Defendant's lengthy Motion to Dismiss, when, in reality, the Court finds the issue to be straightforward.

## IV. Conclusion

The Court respectfully **RECOMMENDS** the District Court **DENY** Defendant's Motion to Dismiss [# 43] and allow this case to proceed.

Signed: September 5, 2018

Dennis L. Howell
United States Magistrate Judge

### Time for Objections

The parties are hereby advised, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), *cert. denied*, 467 U.S. 1208 (1984).