UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| TERI LYNN HINKLE<br>*Plaintiff*<br><br>vs<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; EQUIFAX, INC.; EQUIFAX INFORMATION SERVICES, LLC<br>*Defendants* | Civil No: 1:18-CV-00007-MR-DLH |

## MOTION AND REQUEST FOR ASSISTANCE FROM THE COURT TO ENFORCE SETTLEMENT AGREEMENT AND DELAY DISMISSAL

COMES NOW, Teri Lynn Hinkle who requests the assistance of this Honorable Court in enforcing a settlement agreement between Plaintiff and the Equifax Defendants. Plaintiff and the Equifax Defendants agreed to, and consummated, a settlement of this matter on November 8, 2018. Defendants, through Counsel Kendall Carter, have stated the settlement proceeds would be mailed to Plaintiff no later than November 30, 2018. As of this date, December 13, 2018, Plaintiff has not received said proceeds. Given the tortured history of Defendants' counsel making certain statements and not following through on them and their failure to file responses with the Court on a timely basis, Plaintiff has no confidence she is in fact going to receive the settlement proceeds any time soon. Plaintiff herein requests the Court's intervention in enforcing the Settlement Agreement made between the parties.

## TIMELINE OF EVENTS

This case was filed in January of 2018 with the filing of Plaintiff's original Complaint [Doc. 1] to which Equifax Inc. failed to file an answer. Plaintiff filed an Amended Complaint adding Equifax Information Services LLC as an additional defendant. [Doc. 37] The Equifax Defendants filed a Motion to Dismiss [Doc. 43] which was denied by the Court. [Doc. 57] Equifax Defendants failed to timely file an answer thereafter with the Court. Pursuant to F.R.C.P the Equifax Defendants were required to answer by October 9, 2018 which they failed to do. Thirty days past their deadline to answer, at the direction of this Court, [Doc. 58] Plaintiff filed her Request for Clerk's Default and a Motion for Default Judgment after having informed Defendants' Counsel that she was doing so. [Doc. 60]

When Plaintiff informed counsel for Defendants that she was going to file the Request for Clerk's Default and Motion for Default Judgment [Doc. 60], counsel for Defendants suddenly became very interested in making settlement overtures to Plaintiff after not communicating with her in any manner for an extended period of time. The parties engaged in email and telephone negotiations which were not finalized before Plaintiff had to file Doc. 60 in accordance with the Court's instruction. Negotiations continued where the parties finally reached a mutually acceptable agreement. Settlement documents were prepared and a mere three hours **AFTER** signatures were completed the Equifax Defendants inexplicably filed an answer with the Court via CM/ECF. Plaintiff filed a Notice of Settlement with the Court immediately. [Doc. 62]

Plaintiff was informed by counsel for Defendants that the settlement proceeds would be mailed to her in 7 to 14 days after the signing of the agreement which was accomplished on November 8, 2018 or given the Thanksgiving holiday as late as November 30, 2018. Plaintiff

received a text notice from this Court that a Stipulated Motion for Dismissal be filed no later than December 10, 2018 or Plaintiff's case would be dismissed without prejudice.

Late on the evening of December 10, 2018 Plaintiff received an email from Defendants' counsel asking her to confirm receipt of the settlement proceeds. Plaintiff informed counsel she had not received the proceeds and that she would be filing a notice of non-receipt with the Court in order to comply with the Court ordered deadline of December 10, 2018 wherein she stated she had not received said proceeds. [Doc. 64] Plaintiff as pro se must use the USPS which causes delays in her filings reaching the Court. Plaintiff mailed Doc. 64 to the Court on the morning of December 6, 2018. Later that day while Plaintiff was away from home and out of communication counsel filed a Motion for Extension of Time past the December 10, 2018 deadline. [Doc. 63] which was granted by the Court and the deadline was extended to December 17, 2018.

Plaintiff was then informed via email by counsel that she would receive the proceeds by December 10, 2018. Plaintiff received a text message from FedEx that she would need to sign for a package delivery on December 10, 2018 to be delivered by 4:30pm. Counsel sent an email informing her that the settlement proceeds had been sent via FedEx and would be arriving on Monday, December 10, 2018. Plaintiff changed her plans and made accommodations to be at her home all day to receive the FedEx delivery which never came. Plaintiff informed counsel on the evening of December 10, 2018 that no FedEx shipment had been received. The following morning December 11, 2018 counsel sent Plaintiff a tracking number stating that the package was at the FedEx facility in Cleveland, TN and that he assumed it had taken that route because of inclement weather in the Carolinas the previous several days.

Plaintiff tracked the package through the FedEx web site and discovered that weather was in fact not the reason it had been routed through TN but rather that it had been sent to Plaintiff's old address on Mossy Creek Trail and was being returned to the sender as undeliverable.

Plaintiff first of all had filed a Notice of Change of Address with the Court to her current address on June 4, 2018. [Doc.50] Plaintiff also sent copies of that notice to all Defendants in this case. Thereafter the **Equifax Defendants have repeatedly used the old address in their filings** and Plaintiff has never received documents forwarded from the old address though she did properly file forwarding instructions with USPS. Plaintiff has never received forwarded copies of Defendant's filings even though the Certificate of Service on those filings had the wrong address. Plaintiff has corrected her current address on multiple occasions with counsel. Plaintiff verbally and in writing cautioned counsel against sending the settlement proceeds to the incorrect address on or about November 20, 2018. [See Exhibit 1] Even after informing counsel and correcting her address on the Notice of Settlement [Doc. 62] counsel **once again had the incorrect address** in their Motion for Extension of time [Doc. 63] in their Certificate of Service indicating they pay little to no attention to what Plaintiff informs them of.

At this late date it is apparent that Plaintiff very likely will not receive the settlement proceeds and have ample time to timely notice the Court of such before the deadline of December 17, 2018 where the Court would dismiss her case. Plaintiff therefore requests the Court extend the deadline and intervene in this matter to enforce settlement as agreed. Plaintiff sent an email to counsel on December 11, 2018 informing counsel of the results of the FedEx tracking and has yet to receive any communication whatsoever in response. This whole matter has become nothing more than a three ring circus and Plaintiff would greatly appreciate the Court's assistance in bringing it to finality. Plaintiff also notes that she has had to expend an

additional fifty dollars in mailing costs as a direct result of Defendants' dilatory and delaying actions and would request the Court order Defendants to reimburse Plaintiff in that amount in addition to the settlement already reached. There is no excuse for the Defendants' actions in this matter as they appear to very likely be intentional in an effort to cause Plaintiff's case to be dismissed and create hardship for her.

Plaintiff has noticed Counsel for Defendants of her intent to file this Motion with the Court on December 12, 2018 and has received no response.

Plaintiff wishes to thank the Court for its diligence in dealing with this rather convoluted matter and would like the Court to know that she is doing everything within her power to bring this matter to a final resolution where the Court may once and for all get it off its docket and expend no further resources in dealing with it.

WHEREFORE, Plaintiff respectfully requests this Honorable Court delay dismissal of this case and intervene as it deems necessary to enforce the settlement agreement already reached between the parties, or in the alternative should the Court find it more expedient it could simply move forward and grant Plaintiff's Motion for Default Judgment plus all costs.

Respectfully Submitted,

*/s/ Teri Lynn Hinkle*
Teri Lynn Hinkle
440 Beaver Ridge Road
Murphy, NC 28906
828-494-2007
queensongbird@gmail.com

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was sent to the parties listed below by first class mail USPS.

**Counsel for Equifax Information Services LLC**
**And Equifax, Inc.**
Bradley J. Lingo
King & Spalding LLP
100 North Tryon Street, Suite 3900
Charlotte, North Carolina 28202

Dated December 13, 2018

*/s/ Teri Lynn Hinkle*
Teri Lynn Hinkle
440 Beaver Ridge Road
Murphy, NC 28906
828-494-2007
queensongbird@gmail.com